IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1920, AND MAY TERM, 1921, IN THE ONE HUNDRED FOURTH AND ONE HUNDRED FIFTH YEAR OF THE STATE.

---

## ATKINSON v. STATE OF INDIANA.

[No. 23,337. Filed October 15, 1920. Rehearing denied December 15, 1920.]

1. CRIMINAL LAW.—*Immunity.—Evidence When "Required".*— The word "required" in §2113 Burns 1914, §237 Acts 1905 p. 584, providing that whenever any person is required to testify concerning any misdemeanor, his evidence shall not be used against him, etc., means, to be asked of right and by authority. p. 3.

2. GAMING.— *Witness.— Grand Jury.— Immunity.*— A person who, as a result of a conversation with the prosecuting attorney concerning gaming at a certain place, was invited by such officer to appear before the grand jury and tell all he knew, and did so appear, was there duly sworn, and, in response to questions asked by the prosecuting attorney, gave answers that resulted in an indictment against him for unlawfully visiting a gambling house, is within the provisions for immunity against prosecution set out in §2112 Burns 1914, §236, Acts 1905 p. 584. p. 4.

3. CRIMINAL LAW.—*Appeal.—Withdrawal of Plea of Guilty.— Review.*—When not based on conflicting evidence, the Supreme Court will review a ruling denying an application to withdraw a plea of guilty, where it appears that the trial court has abused its discretion. p. 6.

4. CRIMINAL LAW.—*Plea of Guilty.—Application to Withdraw.— Sufficiency.*—When an application for permission to withdraw a plea of guilty and to file a plea in abatement averring im-

munity, is made before sentence, and is not grounded upon a claim of innocence nor that the plea had been induced by fraud, fear or duress, and where such application may reasonably be construed as showing ignorance by the accused of a plain statutory right of immunity at the time he plead guilty, and that the accused would have taken advantage of such right had he been properly advised, and upon learning thereof, did immediately seek its protection, such a showing is sufficient to require the trial court to grant the accused leave to withdraw his plea of guilty and to file a plea in abatement whereunder the right to immunity may be satisfactorily tried and determined. p. 7.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Prosecution by the State of Indiana against Arthur Atkinson. From a judgment of conviction, the defendant appeals. *Reversed.*

*Gene Williams* and *McCormack, Brennan & Zechiel,* for appellant.

*Ele Stansbury,* Attorney-General, *Edward M. White* and *Dale F. Stansbury,* for the state.

MYERS, C. J.—In the Delaware Circuit Court, by indictment, appellant was charged with visiting a certain gaming house, in violation of §2371 Burns 1914, Acts 1905 p. 584. On being arraigned he pleaded guilty, and the cause was then continued. Four months later, by a verified motion, he sought permission from the court to withdraw his plea of guilty for the purpose of filing a plea in abatement averring immunity. The trial court overruled this motion, and thereupon sentenced him to pay a fine and to imprisonment at the Indiana State Farm. The action of the court in overruling appellant's motion to withdraw his plea of guilty is here assigned as error.

The record discloses that at the time appellant pleaded guilty he was in court "in person and by counsel." The motion, in substance, shows that at the time he pleaded guilty he did not know who the witnesses

were upon whom the state would rely for a conviction, and did not know that the only evidence before the grand jury, and upon which the indictment was predicated, was the admissions of appellant while before the grand jury in response to questions propounded to him by the prosecuting attorney. He takes the position that, having been required to answer questions calling for evidence tending to criminate him, he was thereby entitled to immunity and the protection of §2113 Burns 1914, Acts 1905 p. 584.

A counter affidavit by the prosecuting attorney and the stenographer who was present at the examination of witnesses before the grand jury returning the indictment stated that on January 10, 1917, appellant appeared before the grand jury and was duly sworn as a witness, whereupon the prosecuting attorney said: "Let the record show that I had a talk with Mr. Atkinson and as a result of the conversation touching the kind of a place that was being operated over the Lyric Theater that Mr. Atkinson expressed a willingness to come before the grand jury and tell all he knew and that I invited him to come. He is not here under subpoena, but is here voluntarily. Is that correct, Mr. Atkinson?

"By Mr. Atkinson: That is correct. Yes sir."

That thereupon said Arthur Atkinson voluntarily answered divers questions concerning the place of business located over the Lyric Theater, on South Walnut street, in the city of Muncie, Delaware county, Indiana, and that all statements made to said grand jury by said Atkinson were voluntarily made by him.

Section 2113, *supra*, provides that: "Whenever any person is required to testify touching the commission of any misdemeanor, his evidence therein shall

1.　not be used in any prosecution against him, except in case of perjury committed by him there-

in; and he shall not be liable to trial by indictment or affidavit, or to punishment for such misdemeanor."

The theory of the state is that appellant was not required to appear and testify concerning gaming within his knowledge, but, having voluntarily done so, he was not entitled to immunity, although his answers to the questions propounded by the prosecuting attorney tended to criminate him. The statute, it will be noticed, uses the words "required to testify." "Require," as thus used, means to ask of right and by authority. American Dictionary and Encyclopedia; *Tennessee Coal, etc., Co.* v. *Waller* (1889), 37 Fed. 545.

From the statement of the prosecuting attorney, the inference is conclusive that the conversation to which he referred took place without the presence of the grand jury, then in session. In that conversation he learned from appellant facts which he evidently regarded as important for the grand jury to know concerning the character of business being carried on over the Lyric Theater.

By eliminating the opinions and conclusions of the affiants to the counter affidavit, the fact remains that appellant was before the grand jury at the invitation of the prosecuting attorney. It is evident that the information received by the prosecuting attorney from appellant during the mentioned conversation concerning gaming in a room over the theater made it the duty of the prosecuting attorney to set in motion the machinery of the law, and procure the attendance of witnesses, appellant if need be, before the grand jury, and compel them, or him, to testify against others for gaming or for keeping any gaming apparatus or place to be used for gaming, although they, or he, may have been concerned as a party; but as to any such witnesses so testifying, they were immune from trial by indictment or affidavit, or to punishment for

such offense. §9405 Burns 1914, §5863 R. S. 1881, §2112 Burns 1914, Acts 1905 p. 584, §236.

It does not appear that appellant sought the interview which led to his invitation to appear before the grand jury. True, in response to this invitation, he did voluntarily appear before the grand jury, and was then sworn and questioned by the prosecuting attorney, and gave answers which resulted in an indictment charging him with unlawfully visiting a certain house where gaming and playing of games for wagers was then and there permitted. Appellant could not have successfully resisted a grand jury subpoena. The invitation was by an officer whose duty it was to have the subpoena issued, and, once before the grand jury, appellant was bound to answer all proper questions propounded by the prosecuting attorney relative to misdemeanors, whether the answers would be criminating or not. It appears that criminating questions were put to appellant and by him answered. Such being the case, the law intervened to protect him from prosecution and punishment on account of a criminal charge thus brought about. *State* v. *Pence* (1909), 173 Ind. 99, 89 N. E. 488, 25 L. R. A. (N. S.) 818, 140 Am. St. 240, and cases there cited; *United States* v. *Armour & Co.* (1906), 142 Fed. 808; *Hanchett* v. *Humphrey* (1899), 93 Fed. 895.

As said in *United States* v. *Armour & Co., supra*: "A person does not become a favored citizen by resistance to a lawful requirement. On the contrary, the policy of the law favors the willing giving of evidence whenever an officer entitled to make a demand makes it upon a citizen who has no right to refuse. And it would be absurd and un-American to favor the citizen who resists and places obstacles in the way of the government as against the citizen who, with a full knowledge of the law, obeys without resistance the demand of an of-

ficer who has the legal right to make the demand for something which the citizen has no legal right to refuse."

In the case at bar, appellant on being arraigned, pleaded guilty, which plea he afterwards sought to withdraw. Ordinarily the granting of leave to withdraw a plea of guilty is within the sound discretion of the trial court. *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742; 16 C. J. 396, §728. But where it appears that the trial court has abused its discretion in denying an application to withdraw a plea of guilty, this court will review such ruling, even though the application be made after judgment. *Dobosky* v. *State, supra; Myers* v. *State* (1888), 115 Ind. 554, 18 N. E. 42; *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052. However, where it appears that the ruling on such application was based on conflicting evidence, this court will not disturb the conclusion reached by the trial court. *Dobosky* v. *State, supra*. In the case before us the facts are undisputed, and the only course open to us is to pronounce judgment of law upon these facts.

There are some recitals in the record to the effect that appellant was accompanied by counsel at the time of pleading guilty, and that at the time of filing his application to withdraw his plea of guilty he made the statement in open court that he did so in order to obtain a little time. No names are indorsed upon the indictment as witnesses, and no doubt counsel had not been fully advised by appellant as to the circumstances under which the indictment was returned, nor was the statement of appellant in open court calculated to induce the trial court to grant further clemency. The most that can be said of these recitals is that they indicate ignorance of a legal right, but we regard them as of little or no force in the consideration of this case.

This is not a case where the application to withdraw the plea was made after sentence, the punishment known, and then sought to be set aside for slight cause or false claim. The application is not grounded upon a claim of innocence or plea of guilty induced by fraud, fear, or duress, and, while it is not the work of a careful pleader, yet it may be reasonably construed as showing that when the plea of guilty was entered appellant was ignorant of a plain statutory right of which he would have taken advantage had he been properly advised, and, upon learning of it, he immediately sought its protection.

The opinion in the case of *Krolage* v. *People* (1906), 224 Ill. 456, 79 N. E. 570, 8 Ann. Cas. 235, quotes with apparent approval from the opinion in the case of *State* v. *Williams* (1893), 45 La. Ann. 1356, 14 South. 32, the proposition that: "The least surprise or influence causing him to plead guilty when he had any defense at all should be sufficient cause to permit a change of the plea from guilty to not guilty."

In 16 C. J. 398 it is stated that: "The withdrawal of the plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. Therefore, the court ordinarily will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was influenced unduly and improperly either by hope or by fear in the making of it, or if it appears that the plea was entered under some mistake or misapprehension."

In the case at bar, we regard the showing made by appellant as reasonably sufficient to permit him to withdraw his plea of guilty, as well as permission to file a plea in abatement, whereby the issue of his right to

immunity may be more satisfactorily tried and determined.

Judgment reversed, with instructions to the trial court to permit appellant to withdraw his plea of guilty, and to grant him leave to file a plea in abatement, and for further proceedings not inconsistent with this opinion.