BLACKBURN *v.* STATE OF INDIANA.

[No. 24,547. Filed November 21, 1924. Rehearing denied January 20, 1925.]

1. CRIMINAL LAW.—*Petition to Withdraw Plea of Guilty.*—On defendant's motion to vacate judgment and for leave to withdraw plea of guilty, after conviction on an affidavit of five counts, one count being for transporting liquor in an automobile, an assertion in said petition that he was not guilty of transporting intoxicating liquors as defined by the laws of this state, is insufficient to negative that particular count. p. 605.

2. CRIMINAL LAW.—*Withdrawal of Plea of Guilty.—In Discretion of Court.*—A motion for leave to withdraw plea of guilty is addressed to the discretion of the trial court, and in the absence of a showing that its discretion was abused, overruling such plea is not error. p. 606.

3. CRIMINAL LAW.—*Withdrawal of Plea of Guilty.—Abuse of Discretion not Shown.*—It is not necessarily an abuse of discretion to refuse to set aside a judgment imposing less than the maximum penalty for one of several offenses charged in

the affidavit, to which defendant pleaded guilty, when a peti-
tion to withdraw the plea of guilty denies guilt of all charges
but that one.   p. 606.
4.  CRIMINAL LAW.—*Withdrawal of Plea of Guilty.*—Where a
petition for leave to withdraw a plea of guilty fails to show a
sufficient cause for such withdrawal, it is immaterial that no
affidavits were filed in opposition.   p. 606.
5.  CRIMINAL LAW.—*Appeal.*—*Review.*—*Presumptions.*— Upon
appeal from the overruling of a motion for leave to withdraw
a plea of guilty, the Supreme Court will indulge in such pre-
sumptions as will sustain the action of the trial court, rather
than overthrow it.   p. 607.

From Delaware Circuit Court; *Clarence W. Dearth,*
Judge.

Dewey Blackburn was convicted of a violation of the
prohibition law, and he appeals.   *Affirmed.*

*Isaac H. Gray* and *Francis A. Shaw,* for appellant.
*U. S. Lesh,* Attorney-General, and *Owen S. Boling,*
for the State.

EWBANK, J.—An affidavit in five counts was filed
against appellant, charging in different counts that at
a time and place named he manufactured, received from
a carrier and transported in an automobile intoxicating
liquor, that he maintained a common nuisance by keep-
ing a place where intoxicating liquor was manufac-
tured, sold, etc., in violation of law, and also (by the
fourth count) that he unlawfully sold, bartered, ex-
changed, gave away, furnished and disposed of intoxi-
cating liquor to persons to the affiant unknown.   Being
arraigned, he pleaded guilty and was sentenced to pay
a fine of $200 and to be imprisoned at the Indiana State
Farm for six months, which was less than the maximum
penalty for the offense charged in the fourth count of
the affidavit, alone (§1, ch. 23, Acts 1923 p. 70), and
was far less than the minimum penalty for transport-
ing such liquor in an automobile (§1, ch. 34, Acts 1923
p. 108).   Six days later he filed a verified petition ask-

ing that the judgment and his plea of guilty be set aside, and that he be permitted to enter a plea of not guilty and have a jury trial. This petition asserted that he was not guilty of manufacturing intoxicating liquor nor "of transporting intoxicating liquor as defined by the laws of this state," nor of receiving such liquor from a carrier, nor of maintaining or assisting to maintain a common nuisance. But it contained no denial of the charge in the fourth count that appellant had unlawfully sold, bartered, exchanged, given away, furnished and disposed of intoxicating liquor. It alleged that when the plea was entered he was not represented by counsel, that he had little education and did not know the meaning of legal terms, nor know the rights guaranteed by the Constitution, and that he had always before the date of his arrest borne a good reputation, and that by reason of an injury to his head he suffered from periods of depression when he was in great fear of danger to himself and family, and "that at the time of his arrest and by reason thereof he was thrown into great fear and distress of mind, was unable to think and act for his own natural interest," and because of those conditions did not advise with his friends nor procure counsel to advise him before the plea of guilty was entered. Supporting affidavits of his wife and his mother testified to his alleged periods of nervousness and fear, and that he appeared to be suffering in that manner on the morning of the day he was arrested, being the day the offenses charged were alleged to have been committed.

The assertion of the legal conclusion that the defendant "is not guilty of transporting intoxicating liquors as defined by the laws of this state," instead of

1. stating just what acts he did and what he did not do with regard to liquor and an automobile, was insufficient to negative that particular count of the

affidavit. *Temple* v. *State, ex rel.* (1916), 185 Ind. 139, 146, 113 N. E. 233.

But he was not adjudged guilty of a felony, so that charge requires no further notice.

A motion asking leave to withdraw a plea of guilty is addressed to the sound legal discretion of the trial court, and, in the absence of an affirmative show-2, 3. ing that its discretion was abused, overruling such a plea is not error. And if appellant was really guilty of unlawfully selling intoxicating liquor, as his plea of guilty admitted and his petition for leave to withdraw the plea did not deny, it was not necessarily an abuse of discretion to refuse to set aside a judgment which imposed less than the maximum penalty fixed by law for that offense. *Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378, and authorities cited.

The petition having failed to show sufficient cause for insisting that the plea of guilty be with-4. drawn, the fact that no affidavits were filed in opposition to it was not material.

The judgment is affirmed.

## ON PETITION FOR REHEARING.

EWBANK, J.—Nothing was alleged in the petition for leave to withdraw appellant's plea of guilty as to the entry of the plea having been induced by false promises or incorrect advice given by the prosecuting attorney, or by anybody else, nor as to his having asked leave to consult with an attorney. Nothing is made to appear as to what facts were shown to the court to aid it in fixing the penalty, nor whether or not it heard evidence for that purpose, as it would have the right to do. *Smith* v. *Hess, Sheriff* (1884), 91 Ind. 424, 426.

Specifically asserting that he did not manufacture or transport any intoxicating liquor, nor receive any

such liquor from a carrier, nor maintain or assist in maintaining a common nuisance, appellant's petition did not directly mention the subject of whether or not he had sold, bartered or given away any liquor. But it alleged that he had the right to a trial by jury, and the right "to submit evidence in mitigation of the penalties of said laws," and also that "said judgment so finds the said defendant guilty upon said five counts as an entirety." And at the end of five typewritten pages setting out many facts and not a few conclusions of the pleader, the petition concludes with the assertion (Our italics) *"that because of said facts aforesaid he is not guilty of any criminal intention* to violate the laws of the State of Indiana, and is not guilty of the crime charged against him, or attempted to be charged in said affidavit." This fell short of a statement, under oath, that he did not sell intoxicating liquor, no statement to that effect being included among the averments of "facts aforesaid." And if he did so, having pleaded guilty to the charge, and the penalty having been fixed at $300 less than the maximum fine that might be imposed for that offense, together with the maximum term of imprisonment, we cannot say that the trial court abused its discretion in refusing to let him withdraw his plea.

Counsel suggest possible facts under which this penalty would be too severe. But so far as we are left to presumption or conjecture, in the absence of an affirmative showing of the facts, we must indulge presumptions that will sustain the action of the trial court, and not those which would overthrow it.

The petition for a rehearing is overruled.