## Farnsley v. State of Indiana.

[No. 24,374.   Filed November 19, 1925.]

1. INTOXICATING LIQUORS.—*Act of 1923 concerning stills and distilling apparatus was not unconstitutional.*—The act of 1923 concerning stills and distilling apparatus for the manufacture of intoxicating liquor (Acts 1923 p. 107) was not unconstitutional.   p. 724.

2. CRIMINAL LAW.—*Application to withdraw voluntary plea of guilty addressed to sound discretion of court, and its ruling will not be reversed unless abuse of discretion shown.*—Where a defendant voluntarily enters a plea of guilty to an indictment or affidavit charging a felony, his application to be allowed to withdraw his plea of guilty is addressed to the sound discretion of the court, and its ruling thereon will not be reversed unless an abuse of discretion is shown.   p. 726.

3. CRIMINAL LAW.—*All presumptions are in favor of the regularity of proceedings in a court of record.*—All presumptions are in favor of the regularity of the proceedings of courts of record, and, in the absence of a contrary showing, it will be presumed that the law has been complied with.   p. 728.

4. CRIMINAL LAW.—*Entry of record of statement of judge that defendant was advised of his rights when he pleaded guilty of no effect.*—On appeal from a denial of a petition to be allowed to withdraw a plea of guilty, a statement made by the judge and entered of record by the clerk that the court, of its own knowledge, "knows that the defendant was advised of his rights" when he pleaded guilty, was of no force or effect.   p. 728.

5. CRIMINAL LAW.—*No abuse of discretion shown in overruling motion to set aside judgment on plea of guilty and permit withdrawal of plea of guilty.*—The court did not abuse its discretion in overruling a motion to set aside the judgment rendered on defendant's plea of guilty and to permit the defendant to withdraw his plea of guilty and enter a plea of not guilty, the motion being based on the grounds that the court did not advise him of his constitutional rights to have counsel and to be advised of the nature of the punishment which could be inflicted on him following his plea of guilty, where the motion and affidavit in support thereof failed to show that he was ignorant of his rights or of the punishment that might be given him (*Batchelor* v. *State*, 189 Ind. 69, and *Bielich* v. *State*, 189 Ind. 127, distinguished).   p. 728.

From Harrison Circuit Court; *Thomas J. Wilson,* Judge.

Alpha Farnsley was convicted of having unlawful possession of a still for the manufacture of intoxicating liquor, and he appeals. *Affirmed.*

*Charles D. Kelso* and *Robert R. Kelso,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General and *Fred I.. King,* for the State.

WILLOUGHBY, C. J.—The appellant was prosecuted in the Harrison Circuit Court by affidavit for having the alleged unlawful possession of a still. The prosecution was under §1 of ch. 33, Acts 1923 p. 107.

Appellant was arrested on May 17, 1923, and the affidavit charging him with the offense was filed in open court May 17, 1923, and, at the same time, the defendant's plea of guilty was received. On May 18, 1923, the court pronounced judgment on the plea of guilty. On June 2, 1923, the defendant filed a verified motion in open court to set aside the judgment entered in said cause May 18, 1923, on a plea of guilty, and that he be permitted to withdraw his plea of guilty and enter a plea of not guilty. This motion was supported by the affidavit of Horace E. Farnsley. After this motion to withdraw his plea of guilty was overruled, he then filed a motion to modify the judgment rendered in said cause, by striking out of said judgment the words, "and be disfranchised and rendered incapable of holding any office of trust or profit for a term of two years." The motion to strike this clause out of the judgment was sustained for the reason that the statute under which this prosecution is brought does not authorize disfranchisement as a part of the punishment.

The appellant appeals from the judgment and relies for reversal on the following alleged errors: (1) That the Harrison Circuit Court did not have jurisdiction of

the subject-matter of said above entitled cause; (2) that the judgment rendered in this cause is null and void for the reason that the Harrison Circuit Court did not have jurisdiction to render such judgment; (3) that the Act entitled "An Act Concerning Stills and Distilling Apparatus and Declaring an Emergency," found on page 107 of the Indiana Acts of 1923, is null and void, for the reason that said title of said act contravenes §§19 and 21 of Article 4 of the Constitution of the State of Indiana; (4) that the affidavit filed in said cause, charging appellant with the alleged offense of having a still in his possession does not state facts sufficient to constitute a public offense; (5) that the court erred in overruling the appellant's motion to vacate and set aside the judgment and to allow him to withdraw his plea of guilty and enter a plea of not guilty in said above entitled cause.

The first four of these alleged errors proceed upon the assumption that the act of 1923 found on page 107 of the acts of 1923, is unconstitutional, but since this appeal was taken, this question has been decided adversely to appellant's contention. See *Shoemaker* v. *State* (1925), *ante* 433, 148 N. E. 403; *Napier* v. *State* (1925), *ante* 576, 149 N. E. 49.

The appellant insists that the court erred in overruling his motion to vacate and set aside the judgment rendered under his plea of guilty and allow him to enter a plea of not guilty. The facts upon which the appellant relies are set forth in his verified motion and the affidavit of Horace E. Farnsley, filed in support thereof as shown by his bill of exceptions. The motion and affidavit in support thereof are as follows: "Comes now the defendant in the above entitled cause and moves the Court for permission to withdraw his plea of guilty and to enter his plea of not guilty, for the reasons following, to wit: (1) Because the defend-

ant says he is in fact not guilty of the offense charged in said indictment. (2) Because, at the time of entering his plea of guilty in said above entitled cause, the Court did not advise him that he was entitled to counsel or suggest to him that he obtain counsel before pleading to said indictment. (3) Because the Court, at the time defendant entered his plea of guilty in said cause, did not advise the defendant of his constitutional right to be heard by himself and counsel and did not advise the defendant of the consequences to follow his plea of guilty or of the nature of the punishment which could be inflicted upon and against the defendant following his plea of guilty.

"That defendant was arrested on the 17th day of May, 1923, the affidavit charging him with the offense was filed in open court on the 17th day of May, 1923, and the defendant's plea of guilty was received under the foregoing circumstances on the 17th day of May, 1923, and the judgment of the court sentencing the defendant on his plea of guilty was entered on the 18th day of May, 1923.

"Wherefore, the defendant prays that said judgment be set aside and that he be allowed to withdraw his plea of guilty and to enter his plea of not guilty to said charge.

"Horace E. Farnsley, being first duly sworn upon his oath, says that he is the father of the defendant in the above entitled cause of action; that he was present in the Harrison Circuit Court on the 17th day of May, 1923, about three o'clock P. M. of said day when his said son, Alpha Farnsley, was produced in court by the sheriff of said county of Harrison, that immediately upon his production in court by the sheriff as aforesaid, the Judge of the Harrison Circuit Court directed the clerk of the Harrison Circuit Court to read the information filed in the above entitled cause against the said defend-

ant, Alpha Farnsley; that, before and after said affidavit was read to the said defendant, as aforesaid, by the clerk of said court, the judge of said court did not advise the defendant of his constitutional right to be heard by himself and by his counsel; that the Judge of said Harrison Circuit Court, at no time before he received the defendant's plea, ever asked the defendant if he had counsel or wanted counsel to represent him, and did not advise him at any time before receiving his plea, of the punishment which could be inflicted upon the defendant upon his plea of guilty. In fact, the court gave no advice to the defendant whatsoever before receiving his plea, but merely asked him, upon the reading of said indictment, whether he was guilty or not guilty, and that is all the court said to the defendant upon the said 17th day of May, 1923; that, thereafter, on the 18th day of May, 1923, at three o'clock P. M. the said Harrison Circuit Court pronounced judgment upon the said defendant's plea of guilty, and on the 19th day of May, 1923, the defendant was taken by the sheriff of Harrison county to the reformatory at Jeffersonville, Indiana. This affiant says that there was present in the court room at the time the court received the defendant's plea of guilty, as aforesaid, the Judge of the said court, Thomas Wilson; the Deputy Clerk of the court, namely, Amos Lemmon; Clyde Lottich, an attorney of the Harrison Circuit Court bar, and the sheriff of said county, John K. Morris; and affiant further says not." No counter affidavits were filed or other evidence heard on the motion.

Where it appears that the defendant on arraignment upon an indictment or affidavit charging him with a
2.    felony voluntarily enters as his plea to such indictment or affidavit that he is guilty as therein charged, his subsequent application to the court

for leave to withdraw such plea is addressed to the sound discretion of the trial court, and unless there appears an abuse of such discretion, the Supreme Court will not interfere with its exercise. *Atkinson* v. *State* (1920), 190 Ind. 1; *Rowe* v. *State* (1921), 191 Ind. 536; *Carr* v. *State* (1924), 194 Ind. 162; *Blackburn* v. *State* (1924), 195 Ind. 603, 145 N. E. 486; *Lamick* v. *State* (1925), *ante* 71, 147 N. E. 139.

The question presented is, Did the court abuse its discretion in refusing to sustain the motion of appellant to set aside the judgment and withdraw his plea of guilty, and enter a plea of not guilty upon the facts stated in the verified motion and affidavit in support thereof, heretofore set out in this opinion? It appears from the record that the appellant was twenty-five years old. The verified motion and affidavit in support thereof shows that at the time of entering his plea of guilty, the court did not advise appellant that he was entitled to counsel or suggest to him that he obtain counsel before pleading to said indictment and that the court did not advise the defendant of his constitutional rights to be heard by himself and counsel, and did not advise the defendant of the consequences to follow his plea of guilty or of the nature of the punishment which could be inflicted upon and against him following his plea of guilty. But neither the verified motion nor the affidavit in support thereof shows that the defendant was not acquainted with all of his constitutional rights and does not show that he did not know that he had a right to be heard by himself and counsel, and did not show that he was ignorant of what punishment might be assessed upon him on his plea of guilty. So far as the evidence on this motion goes, the defendant may have been fully aware of all his rights under the Constitution. Neither does such evidence show any attempt to

deceive the appellant as to his rights or to show that the appellant was deceived in any manner by the court or any officer thereof.

All presumptions are in favor of the regularity of the proceedings of courts of record and, in the absence of any showing to establish the fact as to 3. whether or not a court has complied with the requirements of law in the course of the trial, the presumption will at once arise that the law has been complied with. *State* v. *Suttles* (1907), 13 Idaho 88, 88 Pac. 238; *State* v. *Ricks* (1921), 34 Idaho 122, 201 Pac. 827; *State* v. *Arnold* (1924), 39 Idaho 589, 229 Pac. 748; 2 R. C. L. 219.

It is claimed by the appellant that the lower court in overruling the motion to set aside the judgment made this statement and caused it to be entered in the 4, 5. record, viz.: "as of its own knowledge the court knows that the defendant was advised of his rights." In appellant's brief, he states that the prosecution evidently relied on some undisclosed knowledge which the presiding judge claimed to have about the facts, and says this court cannot ascertain from the record what the presiding judge of the lower court knew. The appellant rightfully says that this court cannot and will not take judicial notice of the personal knowledge of the judge of the Harrison Circuit Court. If he had knowledge contrary to that proved by the appellant in this case, it should have found its way into the record in the ordinary course. The appellant is correct in this contention. If the judge of the court wished to testify in the case, his testimony should have gone into the bill of exceptions and have been incorporated in the record in that way. The statement made by the judge in this case and entered by the clerk in the record, that "as of its own knowledge the court knows that the defendant was advised of his rights," is of no force and

effect. It is not evidence. But we think it quite apparent that the evidence on this motion fails entirely to show that defendant was not acquainted with all his constitutional rights at the time he entered his plea of guilty. In order to show error in this court, it must affirmatively appear from the record that error was committed. See 2 R. C. L. 219. We think that the record fails to show that the trial court abused its discretion in overruling appellant's motion to set aside the judgment and withdraw his plea of guilty, and enter a plea of not guilty.

The appellant relies on the cases of *Bielich* v. *State* (1920), 189 Ind. 127, and *Batchelor* v. *State* (1920), 189 Ind. 69. In each of these cases, it was held that the court abused its discretion in refusing to allow the defendant to withdraw a plea of guilty and enter a plea of not guilty, but the facts in each of these cases are entirely different from the facts in the case now before us.

No reversible error appearing in the record, the judgment is affirmed.