## NAHAS v. STATE OF INDIANA

[No. 24,812.   Filed February 24, 1927.]

1. CRIMINAL LAW.—Sentencing a defendant to the reformatory without any finding as to his age is an irregularity but not reversible error. p. 120.

2. CRIMINAL LAW.—*Motion for new trial presents no question on refusal of court to vacate judgment.*—A motion for a new trial assigning as ground therefor that defendant's counsel, without his consent, withdrew his plea of not guilty and entered a plea of guilty, presents no question.   p. 120.

3. CRIMINAL LAW.—*Motion to set aside judgment on plea of guilty and to withdraw plea held proper practice.*—An application to the trial court to set aside the judgment rendered on a plea of guilty and to permit the defendant to withdraw such plea, for reasons assigned, is a recognized procedure in this state.   p. 120.

4. CRIMINAL LAW.—*Application to vacate judgment on plea of guilty and to permit defendant to withdraw such plea is addressed to discretion of court.*—An application to set aside a judgment rendered on a plea of guilty and to permit the defendant to withdraw such plea and

enter a plea of not guilty is addressed to the sound legal discretion of the trial court, and though its action thereon is reviewable on appeal, the Supreme Court will not interfere unless such discretion has been clearly abused.    p. 120.

5.  CRIMINAL LAW.—*Arraignment waived by pleading to the issue.*—A defendant waives arraignment by appearing in person in open court and pleading to the issue.    p. 121.

6.  CRIMINAL LAW.—*It will be presumed that court complied with statute in pronouncing judgment.*—Where the record on appeal fails to show that the court complied with §2337 Burns 1926 by asking the defendant whether he has any legal cause why judgment should not be pronounced upon him, it will be presumed that he did.    p. 121.

7.  CRIMINAL LAW.—*Application to have judgment vacated which was rendered on counsel's plea of guilty should be granted and defendant permitted to withdraw plea.*—On proper application, a judgment of conviction rendered on a plea of guilty entered by defendant's counsel, without his consent, should be set aside and defendant permitted to withdraw such plea, in view of the constitutional provision that he is entitled to "meet the witnesses face to face" (Art. 1, §13, of the Constitution, §65 Burns 1926).    p. 122.

From LaPorte Superior Court; *Harry L. Crumpacker,* Judge.

Peter Nahas was convicted of unlawfully transporting intoxicating liquor, and he appeals.    *Reversed.*

*Lemuel Darrow, Earl Rowley* and *C. V. Shields,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

MYERS, J.—On April 1, 1924, a transcript of the proceedings had in the city court of the city of Michigan City was filed in the court below, wherein it appears that on March 31, 1924, appellant, by affidavit, was charged with transporting intoxicating liquor in violation of §1, Acts 1923 p. 108.    Three days later, according to the record, and at the March term, appellant with his counsel, Louis J. Finske, appeared in open court and pleaded not guilty.    Thereupon his counsel waived a jury and the cause was submitted to the court for trial.    At the conclusion of the evidence given by the first witness,

counsel for appellant, in his presence, withdrew his plea of not guilty and entered a plea of guilty, whereupon the court rendered judgment and sentenced him to the Indiana reformatory in accordance with the penalty fixed in the act, *supra.* The court also, as a part of the judgment, allowed two officers a seizure fee of $150 and the sheriff $50 for storage and expense in selling the seized car and ordered that the liquor seized be destroyed. On the same date, it appears that appellant came into court represented by other attorneys who filed for him a motion for a new trial. By this motion, pertinent to this appeal, it was made to appear that upon appellant's plea of not guilty, the cause was set for trial before a jury, but without appellant's consent, his then counsel waived the jury and withdrew his plea of not guilty and entered a plea of guilty, all without his advice, consent and against his wishes; that the finding of the court was contrary to law.

At the May term, June 11, 1924, appellant, in writing duly verified, moved the court, in substance, to set aside and vacate the judgment entered against him, strike out his plea of guilty and permit him to plead not guilty, for the reason his then counsel, without his advice, consent and against his wishes, waived a jury; that while the trial was in progress before the court, his counsel, without consulting him, without his consent and against his wishes, withdrew his plea of not guilty and entered a plea of guilty for him. On July 5, 1924, the court overruled appellant's motion to set aside the judgment and sentence theretofore entered, and at the same time overruled his motion for a new trial. Appellant perfected an appeal from the foregoing judgment, and has assigned as errors the action of the court in overruling his motion for a new trial, and his motion to vacate the judgment and sentence, and allow him to withdraw the plea of guilty and permit him to plead not guilty.

This is a novel case in many respects.  In the absence of advisory evidence, the liberality of the court in its allowance of seizure fees and, to the sheriff, fees for making the sale of the automobile without an order of sale and in advance of any knowledge as to the expense of keeping the property and cost of sale, as contemplated by the statute (§2748 Burns 1926), is forcibly suggestive of penalty and punishment rather than fixing of reasonable fees for services performed or to be performed by such officers in the discharge of their various duties.  However, as there was no motion to modify the judgment, the question of the allowance of fees is not before us.  Moreover, the court, without finding the age of appellant, sentenced him to the Indiana reformatory, but reversible error cannot be predicated on this irregularity.

Another peculiar circumstance is that the motion to set aside the judgment filed during the pendency of the motion for a new trial stands uncontradicted in every respect, and hence the ruling must be regarded as having been made upon the theory that it was insufficient for want of facts to warrant the relief asked or that such facts only appealed to the discretion of the trial court, or was not authorized by any rule of procedure or practice known to this jurisdiction.

While appellant's motion for a new trial, although it included as a cause the withdrawal of his plea of not guilty and the entering of a plea of guilty by his counsel without his consent, did not properly present the question he sought to raise (*Meyers v. State* [1901], 156 Ind. 388, 59 N. E. 1052) yet, by its pendency, the court retained and had jurisdiction of the cause to receive and act upon appellant's application to set aside the judgment, permit him to withdraw his plea of guilty, and to enter a plea of not guilty, a recognized procedure in this state.  *Meyers* v. *State,*

*supra; Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742. Appellant's application was an appeal to the sound legal discretion of the trial court, and although its action in that respect is reviewable on appeal, this court will not assume to interfere except in cases where it clearly appears that such discretion has been abused. *Farnsley* v. *State* (1925), 196 Ind. 722, 149 N. E. 436; *Blackburn* v. *State* (1924), 195 Ind. 603, 145 N. E. 486; *Atkinson* v. *State* (1920), 190 Ind. 1, 128 N. E. 433.

We are not concerned with the question of arraignment, for when appellant appeared in open court in the first instance and plead not guilty, he thereby waived arraignment. *Meyers* v. *State, supra.*

5. But when it comes to the plea which either acknowledges the truth of the charge or forms the issue to be tried, that is another matter. It must be remembered that we are considering a felony case, and that the general rule in such cases is that a plea by an attorney made for the accused "will be considered a mere nullity, except a plea of not guilty—which plea cannot injure his client." 8 R. C. L. 109, §74.

The instant case, upon the undisputed facts, in short, is that appellant on being arraigned plead not guilty, and at no time thereafter did he himself, or did he authorize any one to, withdraw it and enter a plea of guilty for him. That the action, thus

6. taken by his counsel was without his consent and against his wishes. Although the record does not show a compliance by the court with §2337 Burns 1926, still we may assume that the court did its duty and propounded to appellant the question required by the statute before pronouncing judgment. Nevertheless, it does appear from the record that, on the same day, he employed other counsel who immediately brought to the attention of the court, in the way of a motion for a new trial, the alleged unauthorized acts of his former counsel as one of

the causes for a new trial.

An accused in this jurisdiction is entitled to a fair and impartial trial and "to meet the witnesses face to face" (Art. 1, §13, Constitution of Indiana), regardless of the judgment of his counsel, but, in this case, the acts of his counsel, of which he complains, defeated him of this right. These alleged acts were censurable in at least two respects: (1) In deceiving the court as to the attitude of the accused; (2) by improperly representing his client.

This case, as it comes to us, we have carefully considered from all angles and from every view-point suggested by the state, and with all the reasonable presumptions we are authorized to infer in support of the conclusion reached by the trial court, but, after all, there remains in our mind the undeniable conclusion that the trial court, under all the facts and circumstances here exhibited, abused its discretion in refusing to set aside the judgment and sentence, and permit the plea of guilty to be withdrawn and allow a plea of not guilty to be entered.

The judgment is therefore reversed, and the Laporte Superior Court is hereby ordered to sustain appellant's application to set aside the judgment and sentence pronounced against him on April 4, 1924, permit him to withdraw his plea of guilty and allow him to plead to the affidavit, and for further proceedings not inconsistent with this opinion.