HAASE *v*. STATE OF INDIANA.

[No. 14,050. Filed June 13, 1930.]

*John E. Sedwick*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Harry L. Gause*, Deputy Attorney-General, for the State.

NEAL, C. J.—On March 3, 1927, one Newman made affidavit that on or about October 15, 1926, Frances Haase, appellant herein, did unlawfully and feloniously steal, purloin and carry away a boy's leather cap of the value of $2.50, "the property of a firm doing business under the name of 'Kelso & Son.'" The affidavit was approved by the prosecuting attorney and filed in the

Morgan Circuit Court on March 15, 1927. The appellant was arrested on the same day. Thereafter, on March 22, 1927, she was arraigned in open court and pleaded not guilty, and the case was set for trial on March 25, 1927. The appellant, on March 26, of the same year, in open court, changed her plea of not guilty to guilty. The case was then submitted to the court for trial. Evidence was begun, at the request of appellant for leniency, the case was continued until April 5, 1927. On April 25, 1927, the record reads as follows: "Come again the parties herein and a further investigation and hearing is had, and now before the court enters sentence herein on said defendant upon said plea of guilty heretofore entered, the said defendant by her counsel moves the court to set aside defendant's plea of guilty on the grounds of surprise, etc., and asks that said defendant be permitted to plead not guilty to the charge and make a defense herein for said defendant."

The motion to withdraw the plea of guilty is, in substance, as follows: That, upon the first day of her appearance in open court, she was advised by her attorney that he (her attorney) had consulted with the prosecuting attorney relative to the publicity that would attach to her, and that her attorney thereupon make a motion to transfer her case to the juvenile court of the county; that thereafter, one Mrs. Tudor proceeded to act as an investigating officer of the court; that appellant, acting upon the advice of her attorney, pleaded guilty to the charge under a belief that it was understood and agreed that a proper home would be procured for her; that she has since been informed, and believes, that now she is about to be committed to the Indiana Girls School under her plea; that she has never been charged with an offense before and asks this one opportunity to prove she is trustworthy. Prayer to the effect that she be permitted to "withdraw pleas heretofore entered and substitute

the plea made therefor and that she be allowed to submit her cause to a jury of twelve men for their disposition." The court designated May 5, 1927, for consideration and ruling on the motion. On the day last named, the court overruled appellant's motion to withdraw her plea of guilty and enter a plea of not guilty, to which ruling, the appellant excepted and the State of Indiana moved the court for judgment. The court thereupon found the appellant guilty of the crime of petit larceny as charged; that she was 18 years of age and should be confined in the correctional department of the Indiana Woman's Prison for a period of not less than one year nor more than eight years and be fined in the sum of $1. On May 12, 1927, appellant filed a motion for a new tiral, which was overruled, also motion in arrest of judgment, which was likewise overruled, and exception given in each instance.

The appellant has alleged various errors to have been committed by the trial court, but supports only those thereinafter mentioned by points and authorities. It is well settled that alleged errors not referred to in appellant's brief under points and authorities will be waived. *Kahn* v. *State* (1914), 182 Ind. 1, 105 N. E. 385.

The alleged error most seriously urged by appellant pertains to the court's ruling on the motion to withdraw her plea of guilty.

Where it appears that the defendant on arraignment upon an indictment or affidavit charging him with a felony voluntarily enters as his plea to such indictment or affidavit that he is guilty as therein charged, his subsequent application to the court for leave to withdraw such plea is addressed to the sound discretion of the trial court, and, unless there appears an abuse of such discretion, the Supreme or Appellate Court will not interfere with its exercise. *Atkinson* v. *State*

(1920), 190 Ind. 1, 128 N. E. 433; *Rowe* v. *State* (1921), 191 Ind. 536, 133 N. E. 2; *Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378; *Farnsley* v. *State* (1925), 196 Ind. 722, 149 N. E. 436.

An examination of appellant's motion for leave to withdraw her plea of guilty discloses that she does not allege that she is not guilty of the charge, but tacitly admits her guilt. She says, "affiant realizes keenly the mistake she has made; that she has suffered from the publicity and [been] deeply humiliated because of the public odium attached to her; that she respects the court, respects the law and intends from now on to so conduct herself that no ground will be established to question her conduct." Appellant's motion does not allege the violation of any of her constitutional rights. The only reasonable inference to be drawn from the language used in her motion is that she was afraid that the court would pronounce a more severe sentence than she anticipated.

If we assume that the prosecuting attorney did talk with appellant's attorney and that appellant's attorney did advise her that if she would plead guilty, a suspended sentence would follow, we call attention to the case of *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N. E. 444. The court, in disposing of a similar state of facts, said: "If such statement by the prosecutor to appellant or to her counsel could not bind the court, then surely the sole advice of her own counsel to her that a plea of guilty would be followed by a suspension of a sentence of imprisonment would not bind the court. . . . Leniency of a trial court towards an accused should not, by rule of law, go to the extent that an accused or an accused's counsel may speculate upon what the action of the trial court will be upon a plea of guilty, and, in the event such plea results in a judgment which is more severe than that hoped for by the defendant, take advantage of the same

by a request to set aside the judgment and withdraw the plea of guilty, as in the case at bar. If such should become the hard and fast rule of law, the result inevitably would follow that the accused, with his counsel, may use the court as a pawn and gain the end sought when the judgment in any manner exceeded the lenient one hoped for, whether suggested by the counsel of the accused, or from the determined desire of the accused."

In the case of *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052, it was decided that where a defendant pleads guilty to a charge and a judgment is rendered thereon, a motion for a new trial is ineffectual. That "while the plea stands, the judgment must follow the plea." It necessarily follows no question is presented by the action of the court in overruling appellant's motion for a new trial.

It was strongly urged in oral argument that the sentence pronounced by the trial court was too harsh; that appellant has, during the pendency of this appeal, conducted herself in a creditable manner; that she should not at this time, in light of her conduct subsequent to her trial, be made to serve her sentence.

It is not within the province of this court to take away the prerogatives of the trial judge. The law gives to the circuit judge the right to pronounce sentence and to suspend the same during good behavior in many instances. The trial court assumed that responsibility in this case. He chose not to suspend her sentence, and we are not to question his decision in that regard. If appellant deserves consideration by reason of her conduct pending this appeal, that is a matter of executive clemency.

Judgment affirmed.