No. 16,896.

MONAHAN v. THE STATE.

CRIMINAL LAW.—*Plea of Guilty.—Representations as to Sentence.— When not Error to Refuse Leave to Withdraw Such Plea.*—Where a defendant in a criminal action was informed, by a stranger to the court, that three of his associates in the alleged crime had pleaded guilty, and that their sentences were suspended during good behavior, and that if the defendant would plead guilty he would probably receive the same judgment, and that acting upon such representation, the defendant pleaded guilty, and the judge took the case under advisement from December 23d, 1892, until January 2d, 1893, when the defendant was brought into court for sentence, and the court stated to defendant that he had concluded to fix his punishment at commitment in the reform school, and the court then announced that if any one present desired to interpose in behalf of the defendant, an opportunity would be given to do so, but no steps having been taken, the court passed the sentence as announced,—the defendant can not thereafter, as a matter of right, have the judgment set aside, and obtain leave to withdraw his plea of guilty, such action being in the sound discretion of the court, the court having given the defendant his due rights and opportunities.

From the Elkhart Circuit Court.

*L. Chamberlain* and *P. L. Turner*, for appellant.

*A. G. Smith*, Attorney-General, and *E. E. Mummert*, for the State.

HACKNEY, J.—The record discloses that the appellant and others were charged with stealing nine cartoons of chewing gum; that three of his associates were arraigned before the defendant was taken into custody, and upon their pleas of guilty the sentence was suspended during good behavior; that while appellant and others were en route to the county seat to answer said charge they were informed of the plea and the judgment against said three associates, and they were then told, by one having no

authority to speak for the court or its officers, that they would probably receive the same judgment.

Upon arraignment, they entered pleas of guilty. The appellant was remanded to the county jail, with the suggestion of the court that time would be taken to consider and determine what punishment should be inflicted, and with the advice from the court that the plea of guilty might be withdrawn at any time before sentence.

This proceeding was on the 23d day of December, 1892, and no other steps were taken until January 2d, 1893, when the appellant was taken into court for sentence upon said plea, and the court stated to him that it had been concluded that the punishment should be by commitment to the reform school for boys. It was then announced by the court that if any one present desired to interpose in behalf of the defendant an opportunity would be given to do so. This information was, at the direction of the presiding judge, given to the mother of appellant, then in the court room. After this unusual opportunity for the withdrawal of the plea of guilty, and after the announcement that the punishment should be by commitment, and before sentence, an opportunity existing to withdraw the plea and no such steps having been taken, the court passed the sentence so committing the appellant.

On the 4th day of January, 1893, the appellant's counsel filed in his behalf a motion to set aside the judgment and for leave to withdraw his plea of guilty and enter a plea of not guilty.

This motion alleged, that he was not guilty of the crime charged; that he had been induced by the statement of the party who, as before stated, told the appellant that the judgment would probably be the same as that against his associates; that he was young and ignorant of the effect of the plea of guilty, and believed

that sentence would be suspended as in the case against his said associates.

Evidence was heard upon the motion, and it clearly justified the conclusion that the appellant was guilty of the larceny charged, and there was evidence from which the court might reasonably hold that no false representations were made to him and no inducements offered to plead guilty to said charge.

The character of the boy's mother, the conduct of the boy while in jail, and a conflict in the evidence as to statements made out of court, contrary to his evidence in court, of the party who was alleged to have induced the plea of guilty upon the assurance of a suspended sentence, are involved in the record, but are either not questions necessary for us to consider or are questions settled by the trial court upon the weight of the evidence, and not subject to review.

Both sides concede that the right to withdraw the plea of guilty was to be exercised within the discretion of the court, and that if there is an abuse of such discretion this court should review the action. But if no such abuse is shown, this court will not review the action.

This concession is affirmed by the case of *Myers* v. *State*, 115 Ind. 554, cited by the appellant as authority for the contention that an abuse of discretion has been shown in the case before us.

That case shows a materially different state of facts from that existing in this case. The defendant there was innocent of the charge, was poor and unable to employ counsel to defend it; he was deceived, by the sheriff and the prosecuting attorney, by false representations that his sentence, if he pleaded that he was guilty of the charge, should be but two years, while that given upon his plea was ten years. The sheriff and prosecuting attorney were officers of the court, and persons from whose

official positions those of ordinary intelligence might very reasonably suppose could secure the promised sentence.

There it was evident that the plea had been induced by fraud and misrepresentation, and that an innocent man had been unjustly punished. Here the defendant was clearly guilty of the larceny, and he had not been the victim of fraudulent inducements in entering his plea; he had ample opportunity to withdraw the plea after having knowledge that he would receive punishment, and after being told by the judge presiding that the punishment would be by commitment to the reform school. The age, intelligence, and surroundings of the appellant were before the trial court, and all of the facts were presented and there considered, where the witnesses and the appellant would be regarded and their statements weighed with better opportunities for ascertaining the truth than is afforded us by the record.

The trial judge acted with unusual care to avoid inflicting a punishment without giving the appellant a fair opportunity not only to know the extent of punishment contemplated, but to withdraw his plea and contest the charge. If pleas may be entered and acted upon by the courts, and if defendants therein are displeased with the punishment inflicted, and may, for slight cause or false claim, set aside the judgments, the only final disposition of such causes will be by trials upon pleas of not guilty.

We can not adopt a rule that pleas of guilty may stand where the punishment pleases the criminal, but may not stand if he is displeased and will deny the guilt he has already confessed. Nor can we conclude that the statements of a stranger to one charged with crime, as to what punishment will be inflicted on such charge, shall

be sufficient to set aside the judgment, when the punishment inflicted is not that supposed.

The appellant was in the sixteenth year of his age when the proceedings were had in the trial court, and the record does not disclose that he was less informed as to his rights than could have been expected from one of that age.

The trial court was in a position to judge of his intelligence and this court is not, and we can not presume against the judgment of the trial court upon that question.

The judgment is, in all things, affirmed.

