## DOBOSKY v. STATE OF INDIANA.

[No. 22,779.  Filed October 6, 1915.]

1. CRIMINAL LAW.—*Arraignment.—Withdrawal of Plea.*—Where an accused, having entered a plea of guilty on being arraigned, subsequently desires to withdraw the plea, the proper method is by verified petition for leave showing cause, and the service of notice on the prosecuting attorney of the time and place of presenting the petition. p. 489.

2. CRIMINAL LAW.—*Right to Withdraw Plea.—Discretion of Court. —Appeal.*—The right of defendant to withdraw a plea of guilty is within the sound discretion of the trial court, and, in view of the presumption that obtains in favor of the ruling of a trial court, the denial of such application will generally be sustained on appeal, where the record discloses no ground for the application, or where it appears that the ruling was based on conflicting evidence. p. 491.

3. CRIMINAL LAW.—*Refusal of Leave to Withdraw Plea.—Appeal.* —Where the record clearly discloses that the trial court abused its discretion in refusing to permit an accused to withdraw a plea of guilty, the court on appeal will review the ruling and correct

the error, even where the application for such leave is made after judgment. p. 491.

4. CRIMINAL LAW.—*Refusal of Leave to Withdraw Plea.—Application.—Sufficiency.—Review.*—Where the application of accused for leave to withdraw his plea of guilty was verified and set forth facts showing that he was of foreign birth, had not resided long in this country, and had but a meager undertsanding of English, that his plea was procured by what under the circumstances amounted to duress and fraud, and that it was not true, etc., and the record shows that there were neither counter affidavits nor evidence to support the action of the trial court in denying the relief, the overruling of the application was an abuse of discretion warranting a reversal. p. 491.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Prosecution by the State of Indiana against Gustave Dobosky. From a judgment of conviction, the defendant appeals. *Reversed.*

*Walter J. Lotz, Charles R. Macnab,* for appellant.

*Richard M. Milburn,* Attorney-General, *J. A. Patterson, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson* and *Wilbur T. Gruber,* for the State.

Cox, J.—February 11, 1915, an affidavit was filed in the lower court charging appellant and five others with grand larceny alleged to have been committed three days before. On the same day appellant being in custody and not represented by counsel was arraigned and pleaded guilty to the charge and was sentenced by the court to suffer a fine and disfranchisement and imprisonment for an indeterminate term of from one to fourteen years in the State reformatory. February 19, 1915, through attorneys, appellant served notice in writing on the prosecuting attorney that on February 24, 1915, he would by his verified petition ask the court to vacate and set aside the judgment so rendered against him, permit him to withdraw his plea of guilty and plead not guilty and to set the cause for trial on the issue tendered by the latter plea. On the day last named, the matter was heard by the court on appellant's verified petition and all the relief prayed for denied

him. This action by the court is presented for review in this appeal.

It is made to appear in substance in appellant's verified petition that he is of foreign birth and parentage and has but a meager understanding of the English language; that he was an employe of the Standard Steel Car Company and lived in one of the company's houses in Hammond; that he was arrested there early in the morning of February 11, 1915, and was charged with the crime of grand larceny, by affidavit, was arraigned, pleaded guilty and was sentenced on the same day; that when arrested he was taken to jail and held without opportunity to consult with friends or relatives; that while so in custody police officers and others interested in the prosecution of the crime in question, advised him to plead guilty on the ground that he was poor and unable to employ counsel and induced him to do so by. representations that if he did so plead the court probably would not send him to jail for more than a month or so; that he was not informed of his constitutional right of a trial by jury and to be heard by counsel furnished him by the State if he desired; that he did not realize the consequences of pleading guilty and had no desire to plead guilty of the crime charged and was not guilty of it; that he had never been convicted of crime, is a man of good moral character and has a family dependent on him; that if permitted to defend he can show that he is not guilty of the crime charged against him.

Without counter-affidavits or other evidence, the court denied appellant the relief asked and the sole question presented for review is whether this was an abuse of discretion on the part of the trial court which this court is authorized to correct. That appellant has sought relief by the proper method is settled. *Wheeler* v. *State* (1902), 158 Ind. 687, 696, 63 N. E. 975; *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052; *Myers* v. *State* (1888), 115 Ind. 554, 18 N. E. 42; *Sanders* v. *State* (1882), 85 Ind. 318, 44 Am. Rep. 29.

Whether one duly charged with a crime may withdraw a plea of guilty entered by him is a question committed to the sound judicial discretion that an impartial judge 2. should exercise. On appeal for review, as the presumption is in favor of the ruling of the trial court, its denial of an application to be permitted to withdraw a plea of guilty and to plead not guilty and defend will, as a rule, be sustained, where the record discloses no ground for the application or where it appears from the record that the court's ruling was based on conflicting evidence which it was compelled to weigh to reach a conclusion. *Wheeler* v. *State, supra; Meyers* v. *State, supra; Monahan* v. *State* (1893), 135 Ind. 216, 34 N. E. 967; *Pattee* v. *State* (1887), 109 Ind. 545, 10 N. E. 421; *Conover* v. *State* (1882), 86 Ind. 99; *Griffith* v. *State* (1871), 36 Ind. 406.

But where the record on appeal discloses a clear abuse of the discretion which is vested in a trial court it is firmly settled that this court will review a ruling of the trial 3. court denying an application made by a defendant even after judgment to withdraw a plea of guilty and to plead not guilty and to make his defense and correct the error committed. *Myers* v. *State, supra; Sanders* v. *State, supra.*

That the facts of the case before us make it fall well within the rule declared in the two cases just cited is made obvious by the exhaustive consideration of the question given 4. by those cases. A court should accept pleas of guilty from defendants charged with serious crime who are unrepresented by counsel, when they are manifestly young and inexperienced, or obviously lacking in intelligence or knowledge of our spoken language, with caution and only after reasonable inquiry into the facts to discover whether a plea of guilty is entered freely and understandingly. It is true that if a record came to us without any ground to support an application to withdraw a plea of guilty the presumption that the trial court discharged its full duty would

control and the action of the court in denying the application would be sustained. But in the case before us, the validity of the plea of guilty is directly and unequivocally challenged. So far as the record shows, the court's action in denying the defendant's application has nothing to support it but the naked plea of guilty and the truth of that is positively impeached by the verified application of defendant the facts of which are controverted neither by counter-affidavits nor oral evidence. It appears from the facts averred in appellant's verified application that his plea of guilty was not made understandingly or freely, that it was induced by what under the circumstances amounted in its effect to duress and fraud and that it was not true. No harm could have resulted to society or to the State by permitting a withdrawal by appellant of the plea of guilty and to allow him to plead not guilty and make the defense which he asserted under oath he had. If he was, in fact, guilty the State would have the right to establish the fact. If innocent he should have opportunity for a fair trial. If innocent the injustice of a penal servitude so summarily inflicted is not likely to give him that good impression of our laws and institutions which would command his fidelity and make him a good citizen.

The action of the trial court on the showing made was an abuse of discretion for which the cause is reversed and the lower court is directed to grant appellant's application for relief, set aside the judgment, allow him to withdraw his plea of guilty and substitute a plea of not guilty.

The clerk of this court is directed to make the usual order for the return of appellant to the custody of the sheriff of Lake County to await further proceedings in the case.

NOTE.—Reported in 109 N. E. 742. As to confessions and when they are sufficient to convict, see 65 Am. Dec. 676. As to right to withdraw plea of guilty in criminal action, see 8 Ann. Cas. 237; 16 Ann. Cas. 973; Ann. Cas. 1912 D 243. See, also, under (2) 12 Cyc. 350, 896; (3, 4) 12 Cyc. 352.