HARRIS *v.* STATE OF INDIANA.

MAY *v.* STATE OF INDIANA.

[Nos. 26,032, 26,033. Filed May 11, 1932.]

506

*Robert Lee Brokenburr* and *R. L. Bailey,* for appellants.

*James M. Ogden,* Attorney-General, and *Earl B. Stroup,* Deputy Attorney-General, for the State.

MARTIN, J.—The appellants, Richard Harris and John May, are prisoners at the Indiana State Prison serving sentences of life imprisonment for the crime of inflicting a wound or physical injury upon a person with a deadly or dangerous weapon or instrument while engaged in the commission of a robbery. (§1, ch. 54, Acts 1929, §2425 Burns Supp. 1929.) They have served more than a year of their respective sentences.

This is an appeal from a judgment denying the (separate) verified petitions of appellants to vacate the judgments against them, to withdraw their pleas of guilty and to put them upon trial in due form of law. The petitions, although not so entitled, are sufficient in form and allegation as petitions for writs of error *coram nobis.* Notice was served upon the prosecuting attorney, who appeared and filed answers in general denial. The issue was tried by the court and the petitions were denied. The appellants filed a motion for a new trial and the action of the court in overruling the same is assigned as error here.

The grounds upon which the appellants based their petitions are, in substance: That they were young, inexperienced, ignorant and uneducated; that they did not enter pleas of guilty, and that, if such pleas were entered, the same were not made by them understandingly; that they were not acquainted with any of the constitutional rights of persons accused of crime in the State of Indiana and did not know that they had a right to be heard in person and by counsel and to be tried by a jury. That they were ignorant of the nature and consequences of their alleged pleas of guilty or of what punishment might be inflicted against them upon such pleas. That the trial court made no inquiry to ascertain if they knew of their rights under the Constitution or if they understood the effect of a plea of guilty or the severity of the sentence which would be imposed thereunder and that the court did not inform them as to any of such rights or inform them before their plea as to such sentence. That the court did not inquire if they desired counsel or advise them that they were entitled to have counsel, that they always desired the advice of counsel and did obtain the same at their earliest opportunity. That they are not guilty of the crime charged and, if permitted to withdraw their pleas and be defended by counsel, they can show they are not guilty.

The facts regarding the crime (as related by police officers), and the facts regarding the prosecution and conviction (as related by those present at the time the pleas were received and sentences were imposed), are briefly these: The appellants, Richard Harris (of Alabama) and John May (of Illinois), young negroes, 23 and 19 years of age respectively, met two white boys, Kennedy Harmon (of Tennessee) and George A. Lawrence (of California) at Toledo, Ohio, where the four boarded a freight train

as "hoboes" and rode together to Elkhart, Indiana. There they boarded another train bound for Gary, riding together in a freight car loaded with iron pipe. After it became dark, Harris and May crawled over to the end of the car where Harmon and Lawrence were riding, engaged them in conversation, slugged them with a piece of pipe, took about $2 from their persons and forced them off the moving train. Harris and May were arrested at Laporte, and taken to the jail at South Bend. Here Harris is alleged to have signed a confession (not in this record). The defendants were before the court on successive days, affidavits charging them with the crime were read, they were asked if they understood what was read to them and how they pleaded. Each pleaded guilty and was sentenced to life imprisonment (life imprisonment being mandatory, §§5, 6, ch. 54, Acts 1929, §§2341.1, 2341.2 Burns Supp. 1929; the statute providing for the sentencing of minors, §1, ch. 138, Acts 1929, §2311 Burns Supp. 1929 not being applicable upon conviction for offenses punishable by life imprisonment).

Regarding some of the allegations of the petitions (that appellants were severely beaten and were threatened with and feared mob violence), the evidence is conflicting or insufficient and the same is not here considered. Whether one charged with, or convicted of, crime may withdraw a plea of guilty is a question committed to the sound discretion of the trial court and this court will not review a ruling on such a question where it is based on conflicting evidence which the trial court was compelled to weigh to reach a conclusion. *Rowe* v. *State* (1921), 191 Ind. 536, 133 N. E. 2.

The appellants were not present at the hearing on their petitions. It does not appear that any effort was made to have their attendance ordered until during the

hearing, when it was sought to subpoena each as a witness for the other. Considering the nature of their detention (and the inconvenience to the State in providing the attendance of convicts in court) it seems reasonable to consider as properly before the court for its consideration, their verified petitions (which, in the absence of counter affidavits or oral evidence, impeaches the plea of guilty, *Dobosky* v. *State, infra*). But, if we consider only the evidence introduced by the State, it undisputedly appears that these appellants were not advised by the court as to their rights under the state Constitution. The State in its brief frankly admits that "it is true . . . the appellants were not asked whether they had or desired counsel. They were not told the extent of the punishment before they were asked to plead."

Section 13, Art. 1, of the Bill of Rights, Indiana Constitution, §65 Burns 1926, is as follows:

> "In all criminal prosecutions, the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face; and to have compulsory process for obtaining witnesses in his favor."

"A court should accept pleas of guilty from defendants charged with serious crime who are unrepresented by counsel, when they are manifestly young and inexperienced, or obviously lacking in intelligence or knowledge of our spoken language, with caution and only after reasonable inquiry into the facts to discover whether a plea of guilty is entered freely and understandingly." *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742; *Rhodes* v. *State* (1927), 199 Ind. 183, 185, 156 N. E. 389; *Mislik* v. *State* (1915), 184 Ind. 72, 110 N. E. 551.

The constitutional right "to be heard by . . . counsel" contemplates the right of the accused to have legal counsel before, as well as at, the trial and to be fully advised as to his rights and as to the consequences of the act. *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N. E. 773. The court here, as in *Bielich* v. *State* (1920), 189 Ind. 127, 126 N. E. 220, and *Batchelor* v. *State, supra,* made no inquiry before accepting the pleas as to the desire of the accused to be represented by counsel or as to their financial ability to employ counsel, nor were they informed that it was the duty of the court to appoint an attorney to represent them in case they were without means to employ one. Unadvised by counsel, unaware, so far as we know, that they had a right to a trial by jury or that they were not required to give evidence against themselves, these youths pleaded guilty and the court improvidently accepted their plea before they had been informed of the serious consequences thereof—viz., life imprisonment.

Upon the facts and circumstances surrounding the taking of the pleas of guilty, as the same appears in this record, we are of the opinion that the trial court did not sufficiently advise the appellants as to their rights under the Constitution and laws of the state and as to the effect their pleas would have. The appellants were prevented from asserting and enjoying the right of a legal defense by reason of their ignorance of their rights under the Constitution. Being ignorant of their rights, they cannot be held to have been negligent in not asserting the same. The court, by proper inquiry, could have learned of their ignorance, but it did not. It is true that the failure of the trial court to properly advise appellants as to their rights, or to make reasonable inquiries as to their knowledge of their rights, can be considered only as a fact which corroborates appellants' contention that the trial court

was ignorant of facts which, if known to it, would have prevented the court's accepting the pleas of guilty. But, since appellants show the existence of uncontradicted facts which, if known to the trial court, would have prevented the rendering of the judgment in question without an abuse of discretion, we must conclude that the trial court was unadvised of these facts. If the court had been informed of such facts, it could not, under the law, have rendered the judgment in question, as it did, without fully advising the appellants as to their rights. The showing here made is such as "to suggest a new fact upon the record from which the error in the first judgment will appear." *Sanders* v. *State* (1882), 85 Ind. 318, 325, 44 Am. Rep. 29.

The judgment denying the prayers of appellants' petitions is reversed in both appeals, with instructions to the trial court to sustain the respective motions of appellants for a new trial upon their petitions.