## SHUSTROM *v.* STATE OF INDIANA.

[No. 26,209.   Filed April 28, 1933.   Rehearing denied
June 28, 1933.]

*J. H. Conroy* and *A. E. Letsinger,* for appellant.

*James M. Ogden,* Attorney-General, and *James T.
Dowling,* Deputy Attorney-General, for the State.

FANSLER, J.—The appellant was indicted for murder.

The indictment was in four counts. The first two counts charged murder in the first degree by strangulation. The remaining counts are not in the record. The appellant appeared in person and by attorney and entered a plea of guilty to the first two counts of the indictment. The third and fourth counts were then dismissed. Immediately following the dismissal the record recites:

> "This cause is now presented to the Court for hearing and the State presents its facts to the Court and rests. The defendant now moves that the further hearing of this cause be postponed to June 3rd, 1932, at 9:30 A. M. to which the State agrees and the further hearing of this cause is now postponed to said date."

The record further shows that on June 3rd the defendant appeared in person and by counsel, "and further evidence is now presented to the Court, and the Court having heard all of the evidence and being now fully advised in the premises, both sides rest; and the Court now finds that the defendant is guilty of murder in the first degree as charged in the indictment and that he shall suffer death." The appellant excepted to the finding, and the court entered judgment according to the finding. After the judgment appellant filed a motion for a new trial.

It must be presumed that the hearing of evidence was for the purpose of advising the court in the exercise of its discretion in fixing the quantum of punishment. The court was required to fix the punishment at either life imprisonment or death. §2412, Burns 1926; *Kistler* v. *State* (1876), 54 Ind. 400.

Afterwards the appellant filed what he denominated "Motion to Vacate Judgment and Leave to Withdraw Plea of Guilty," which motion, omitting the caption, is as follows:

> "Now comes the defendant in the above entitled cause and moves the Court that the judgment in the

above entitled cause heretofore entered and rendered by the said Court be vacated and that leave be granted said defendant to withdraw his plea of guilty and that said plea of guilty be withdrawn and in support of said motion and this petition, said defendant would respectfully represent to the Court that in said cause, said defendant was charged with the crime of murder in the first degree, as alleged in the first and second counts of the Indictment in said cause, and that on the 19th day of May, 1932, said defendant on being arraigned on said Indictment and said charge as to said First and Second counts thereof, pleaded guilty thereto and asked that the Court grant a hearing on the question of mitigation of punishment in the exercise of the discretion of the Court as to whether the finding of the Court should be a punishment of death or life which was granted by the Court and thereupon said hearing was commenced by the introduction of oral evidence introduced by the State which was then and there taken down in shorthand by the official reporter of said Court, and on motion of the defendant, the further hearing of the Court in the introduction of said evidence was continued and sentence withheld until the 3rd day of June, 1932; that thereupon on the said 3rd day of June, 1932, the further hearing of oral evidence on said hearing was had and said defendant introduced oral evidence of witnesses, which testimony was so taken down in shorthand by the official reporter of said Court; that said testimony so introduced and heard by the Court related to the mentality, habits, and abnormal and subnormal tendencies of said defendant and the stimuli which motivated his conduct at the time of the commission of said crime of murder in the first degree, as well as evidence that the father, mother, uncle and grandmother of said defendant were insane and the expert testimony of physicians that said defendant at the time of the commission of said offense was mentally unable to premeditate or have and possess the ability of premeditation.

"That all of said evidence so introduced and heard by the Court at said hearing in mitigation of the punishment from a death sentence to a life sentence was undisputed.

"That at the conclusion of said hearing of all of said evidence the Court thereupon found on his said plea of guilty that the defendant was guilty as charged in said indictment and should be sentenced to death in the manner provided by the law on the 23rd day of September, 1932, and pronounced judgment in accordance with said finding.

"That said defendant did not waive his right for a hearing by the Court as aforesaid to determine the nature of the punishment said defendant should receive on his plea of guilty in the exercise of the said discretion of the Court.

"Said defendant further says that said Court abused its discretion in this, that said defendant was so sentenced to death when in truth and in fact the undisputed evidence introduced in said hearing disclosed a total absence of premeditation or of premeditated malice, a necessary element to be disclosed by the evidence at such hearing for the infliction of the extreme penalty as was done to the defendant in this case."

This motion is verified by Joseph H. Conroy, one of the appellant's attorney's. The motion was overruled without any pleading being addressed to it or without any evidence being heard, and the defendant immediately prayed an appeal. The appellant then asked and was granted leave to withdraw his motion for a new trial.

The only error complained of was the overruling of the appellant's motion to vacate judgment and leave to withdraw plea of guilty.

The application to withdraw the plea of guilty was an appeal to the sound legal discretion of the trial court, and although its action in that respect is reviewable on appeal, this court will not assume to interfere except in cases where it clearly appears that such discretion has been abused. *Nahas* v. *State* (1927), 199 Ind. 117, 155 N. E. 259; *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742; *Harris* v. *State* and *May* v. *State* (1932), 203 Ind. 505, 181 N. E. 33.

It has been held by this court that, even after judgment, when through ignorance, misunderstanding, fraud or misrepresentation, a defendant has been deprived of his constitutional right to be represented by counsel, to know the charge against him, and to be confronted by witnesses against him, and the facts are presented to the trial court, it is an abuse of discretion to deny the request to withdraw the plea. But in his motion the appellant neither makes nor attempts to make any such showing, but complains only of the action of the court in sentencing him to death rather than to life imprisonment. Neither in the brief nor in oral argument is it suggested that the court erred in refusing permission to withdraw the plea. Nor is any reason or fact pointed out which would have justified such a ruling. We, therefore, construe the motion as directed to the action of the court in sentencing the appellant to death.

The motion states that the appellant asked the court to grant a hearing on the question of mitigation of punishment; that the court granted the request, heard testimony on two different days and had the testimony taken in shorthand. Further on in the text of the motion it is said that the defendant did not waive his right to a hearing by the court for the purpose of determining the nature of the punishment he should receive. The latter statement is meaningless in view of the verified recital showing that the court granted the appellant's request and heard evidence. Nor is there any statement or recital that the appellant was limited in the number of witnesses or the character of evidence which he was permitted to introduce. We find, then, that the real gravamen of appellant's complaint is contained in the following language of his motion:

"That said testimony so introduced and heard by the court related to the mentality, habits, and ab-

normal and subnormal tendencies of said defendant and the stimuli which motivated his conduct at the time of the commission of said crime of murder in the first degree, as well as evidence that the father, mother, uncle, and grandmother of said defendant were insane and the expert testimony of physicians that said defendant at the time of the commission of said offense was mentally unable to premeditate or have and possess the ability of premeditation.

"That all of said evidence so introduced and heard by the Court at said hearing in mitigation of the punishment from a death sentence to a life sentence was undisputed."

It is urged by brief and oral argument that, since this motion was verified, and since there was no evidence other than the verified motion itself, the conclusions of fact in the motion are conclusive and indicate an abuse of discretion on the part of the court in failing to vacate the judgment. We can not follow this reasoning. As shown by the motion itself, evidence of witnesses was heard and taken down in shorthand so that it might be preserved. It was from this evidence that the court was required to determine the punishment to be adjudged, and not from the conclusions of appellant as to the effect of the evidence. The court exercised its discretion and entered judgment after hearing the original testimony and could not be required to re-exercise the discretion upon a verified motion showing the appellant's conclusions as to the probative force and effect of the testimony.

Appellant contends that since the court ruled upon his motion without its being controverted by affidavit or by evidence on the part of the State, its recitals must be taken as true, and that we must ignore the fact that the court heard oral evidence before passing judgment. What evidence would the State introduce? Would it be the same evidence introduced at the hearing held upon appellant's request for the purpose of determining the

same question? Would the State be required to introduce it a third time if, upon the overruling of appellant's motion, he had filed a verified motion to set aside that ruling, containing a recital of his conclusions? It seems obvious that the appellant's position is untenable.

We do not wish to be understood as holding that the exercise of the court's discretion in fixing the quantum of punishment is beyond review, but we do hold that we can not review the matter without having before us all of the evidence that was before the court when the court exercised its judicial discretion and rendered the judgment. Even in a case where all of the evidence is before this court, it would be considered in the light of the well-known rule which makes allowance for the trial court's opportunity of seeing the witnesses and hearing them testify.

Judgment is affirmed.