## SELKE *v.* STATE OF INDIANA.

[No. 26,556. Filed February 22, 1937.]

*Andrew W. Kops* and *R. E. Noelker,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Caleb J. Lindsey,* Assistant Attorney-General, for the State.

TREANOR, J.—The Ripley Circuit Court overruled appellant's amended motion asking the court (1) to set aside its ruling denying appellant's motion for a new trial and (2) to set aside commitment and mittimus issued pursuant to appellant's conviction for murder. Appellant has undertaken to appeal from the action of that court and contends that the ruling upon the motion for a new trial should be set aside because appellant was not present in court when the ruling was made, and, consequently, that the court's ruling in his absence was in violation of his constitutional right "to be heard by himself."

Appellee has moved to dismiss the appeal on the ground that appellant has failed to present any question for review upon appeal.

It is clear from the briefs of appellant and appellee, and from the oral argument, that the material question presented by appellee's motion to dismiss is whether or not the trial court's action in overruling appellant's motion to set aside the overruling of appellant's motion for a new trial, and to set aside the overruling of appellant's motion for a new trial, and to set aside commitment and mittimus, constitutes a judgment from which an appeal will lie. The statute[1] provides that "an appeal to the Supreme

1. §9-2301 Burns' Ind. St. Ann. 1933, Acts 1905, ch. 169, §324, p. 584.

Court . . . may be taken by the defendant, as a matter of right, from any judgment in a criminal action against him, in the manner and in the cases prescribed herein; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed."

The statute does not authorize an appeal from every ruling which a court may make against a defendant in a criminal action, but only authorizes an appeal "from any judgment . . . against him," and provides for review, upon such appeal, of decisions and rulings of the court made in the progress of the case. This court has construed the statute as authorizing an appeal only from a final judgment in a criminal action.[2] The action of a trial court in overruling a motion for a new trial may be reviewed upon an appeal from a judgment of conviction rendered against a defendant, but the overruling of a motion for a new trial must be assigned as error. In such case the appeal is from the judgment of conviction and not from the ruling upon the motion for a new trial. The overruling of a motion for a new trial does not constitute a judgment and an appeal does not lie from the court's action in overruling such motion. Likewise, the overruling of a motion to set aside a former ruling upon a motion for a new trial is not a judgment against a defendant and an appeal from the court's ruling upon such motion to set aside will not lie.

Appellant concedes that "this is not an appeal from the verdict of the murder case" but "is an appeal to try to bring the case to the Supreme Court" and that at the time appellant's motion for a new trial was overruled time was neither asked nor given in which to file a bill of exceptions; and that by securing a reversal of the court's order refusing to set aside its ruling upon

2. *State* v. *Uptgraft* (1899), 153 Ind. 232, 53 N. E. 285, 54 N. E. 802; *Walther* v. *State* (1913), 179 Ind. 565, 101 N. E. 1005; *Montgomery* v. *State* (1914), 182 Ind. 276, 106 N. E. 370.

the motion for new trial appellant may obtain an order granting time within which to file a bill of exceptions.

The present proceeding admittedly is not brought as an appeal from the judgment of conviction rendered against defendant; and for the reasons given above it is ineffectual as an appeal from the court's order overruling the motion to set aside its ruling upon defendant's motion for a new trial.

It is urged that we might treat the instant proceeding as an original action for a writ of mandamus directing the trial court to set aside its ruling upon defendant's motion for a new trial and to reconsider such motion, in order that, in the event such motion is overruled, defendant could ask and receive time within which to file a bill of exceptions for purposes of perfecting an appeal from the judgment against him. But relief upon that theory presupposes a showing of such facts and circumstances surrounding the trial and proceedings connected therewith as to suggest a failure or neglect on the part of defendant's trial counsel to properly safeguard defendant's interests. There is no showing in the proceeding brought in this court by defendant that the absence of a request for time within which to file a bill of exceptions was due to such failure or neglect on the part of trial counsel. It appears from defendant's brief that defendant was represented upon the trial, and in the hearing upon his motion for a new trial, by counsel appointed by the court; and that after his motion for a new trial was overruled, "because his two indictees were permitted to plead manslaughter, relatives obtained a little money to employ other counsel, to attempt to perfect an appeal." For all that appears in the showing made to this court, it might reasonably be inferred that at the time the motion for a new trial was acted upon both defendant and his counsel believed, in good faith, that no reversible errors

had been committed upon the trial, and that an appeal would be futile, and therefore a request for time within which to file a bill of exceptions would be wholly unnecessary.

The decisions of this court do not sustain appellant's contention that his constitutional "right to be heard by himself" was violated by the trial court's action in ruling on appellant's motion for a new trial in the absence of appellant.[3] Appellant's counsel was present and, as indicated above, we must presume that appellant's counsel acted with the approval of appellant in not asking for time within which to file a bill of exceptions.

We are precluded from treating this appeal as an original action for a writ of mandamus for the reason that such a proceeding is against a trial court and the judge thereof to compel the performance of some duty enjoined by law. In such a proceeding the trial court and judge must be made parties and given an opportunity to respond for the purpose of showing cause. It must appear to this court that the trial court is under a clear and positive duty to do the act requested before a writ of mandamus will issue. And it would constitute unjustifiably arbitrary action for this court to order a trial court and the judge thereof to perform an act without such court and judge having an opportunity to show cause why such act should not be performed.

In view of the foregoing we must treat the cause appellant has brought to this court as an appeal; and since the record and briefs conclusively show that it is not an appeal from a judgment of the lower court, the appeal must be dismissed.

3. *Carmen* v. *State* (1935), 208 Ind. 297, 196 N. E. 78, 83; *Lillard* v. *State* (1898), 151 Ind. 322, 326, 50 N. E. 383; *Reed* v. *State* (1897), 147 Ind. 41, 43, 46 N. E. 135.