KUHN *v*. STATE OF INDIANA.

[No. 27,885.   Filed January 18, 1944.]

*Seth E. Rowdabaugh,* of Warsaw, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

RICHMAN, J.—On a plea of guilty to an affidavit charging assault and battery judgment was entered April 22, 1943, fining appellant $500 and sentencing him to imprisonment for six months at the Indiana State Farm. An order book entry of proceedings on the 10th day of May (during the same term of court) shows that he appeared by counsel who filed a verified motion grounded on many facts stated therein asking

that the judgment be vacated and for permission to withdraw his plea of guilty and enter a plea of not guilty and that concurrently therewith notice of the filing was served upon the prosecuting attorney who at once appeared and objected to the granting of the relief prayed. The entry continues with the statement that the motion "is now submitted to the Court and the Court having heard the argument of counsel thereon, and being sufficiently advised in the premises, overrules said motion Exception to defendant. And the defendant now prays an appeal to The Supreme Court of Indiana, from the said judgment herein, which appeal is now granted . . ." A bill of exceptions incorporates the order book entry including the verified motion, after which appears the following:

> "And Be It Further Remembered, that no other proceedings of any kind and no filing in said cause except as herein enumerated and set out were made in said cause; that no evidence was had or heard by the court on said matter, either oral or by verified written statement; that the State of Indiana by its Prosecuting Attorney filed no affidavit or paper of any kind; that said motion to set aside judgment and permit defendant to withdraw his plea of guilty and enter a plea of not guilty was submitted to the court, without having been read by either the court or the Prosecuting Attorney, and without knowledge on the part of either as to the contents of said motion and verified statement of facts attached thereto, other than as recited orally by counsel for the defendant in open court. . . . ."

This bill of exceptions was signed by the judge who presided during all the prior proceedings.

The error assigned is the overruling of said motion. If the facts stated therein were true unquestionably

the relief prayed in the motion should have been granted.

The Attorney General in a motion to dismiss the appeal asserted that "recitals of fact in a motion require proof the same as an allegation of fact in any other pleading or paper. It not appearing from the record what evidence, if any, was heard, there was nothing therefore in the record which affirmatively shows that the trial court erred in such ruling, and, therefore, the ruling must be presumed by the court to be correct." We overruled the motion. The Attorney General thereupon filed a short brief confessing error. He asserts therein that the prosecutor should have been required to file an answer to the verified motion and the court should have heard evidence on the issue formed by the motion and answer. He asks that the cause be remanded for such proceedings. In a reply brief appellant insists that the trial court should be ordered to vacate the judgment and accept his plea of not guilty. The character of the mandate is therefore our only problem.

A judgment on a plea of guilty has the same finality as any other judgment. The defendant may challenge its validity by motion during the term, by appeal, or, in certain cases, by writ of error *coram nobis* after the term has expired. But in either case the burden is upon him to establish the invalidating facts. *State ex rel. Cutsinger* v. *Spencer* (1941), 219 Ind. 148, 41 N. E. (2d) 601; *State ex rel. Sawa* v. *Criminal Court of Lake County* (1942), 220 Ind. 4, 40 N. E. (2d) 97; *Irwin* v. *State* (1942), 220 Ind. 228, 41 N. E. (2d) 809. The issue raised by appellant's motion is whether the plea of guilty was "freely and understandingly made." *Eagle* v. *State* (1944), 221 Ind. 475, 48 N. E. (2d) 811. This is the question to be decided

whether or not the prosecuting attorney files an answer or makes an oral objection. Perhaps there should be a rule prescribing the procedure but none now exists. In the absence thereof the pleading and proof of the issue must be governed by the procedure applicable to other similar issues presented by motion. If the evidentiary facts are admitted there may still exist a question as to their legal effect. If the facts are denied they must be proved. A verified motion raises the issue but does not tend to prove it, *Soucie* v. *State* (1941), 218 Ind. 215, 226, 31 N. E. (2d) 1016, 1021, unless such a pleading is submitted as evidence or treated as proof. Frequently an issue of fact is submitted and decided upon verified complaints and answers or upon affidavits and counter-affidavits. This is common practice in injunction and receivership cases. When so submitted uncontroverted facts appearing in the verified pleadings are treated as true and the trier resolves conflicts as he would in considering oral testimony. We find here no such submission or decision.

Ordinarily in an appeal there is no question as to what was determined below or the method by which it was determined. The usual inquiry is whether it was correctly determined. But this appeal is different. The record is unique. It shows that "no evidence either oral or written" was heard by the court. The only information received by the judge was the "argument of counsel" mentioned in the order book entry and the oral recital by counsel referred to in the bill of exceptions. Such a record precludes any possible contention that the issue presented by the motion was proved. It has been held that the phrase "being sufficiently advised in the premises" found in an order book entry of a ruling, imports that evidence has been considered, but here the assertions of the bill

of exceptions negative any such assumption. Nor can we conclude from anything in the record that the facts stated in the motion were admitted. An astounding fact stated in the bill of exceptions signed by the judge is that neither he nor the prosecuting attorney ever read the motion. If the latter did not know what facts were averred in the motion surely he could not admit that they were true. Appellant's attorney doubtless prepared the bill of exceptions. It gives the impression, whether intentionally or not, that the judge and prosecuting attorney were almost completely ignorant of the contents of the motion. Appellant not only had the burden below but also in this appeal. We may not indulge any presumptions in his favor. So we may not conclude that the oral recital referred to in the bill of exceptions was adequate to advise either the judge or the prosecuting attorney of the facts stated in the motion or that such recital was accepted in lieu of evidence. In this peculiar situation we can only guess as to what was determined by the judge and how it was determined. It is clear only that he knew a motion to set aside the judgment was being filed and that, for some inexplicable reason, he thought it should be denied. The only issue raised by appellant's motion, namely, whether he freely and understandingly entered his plea, had no hearing and no judicial consideration. Until that issue is judicially determined in his favor his plea has the same force and effect as if his guilt had been found by the verdict of the jury. A mandate similar to that suggested by the Attorney General therefore seems proper under the unusual circumstances of this case.

Appellant's argument to the contrary is principally based upon the fact that in many cited cases this court,

after holding that the trial court erred in over-ruling such a motion, ordered the judgment to be set aside for a trial on plea of not guilty. In most of the cases cited the record showed a judicial determination of the issue below and the question for this court was whether the trial judge had abused his discretion. *Eagle* v. *State, supra.* All the cases recognize the rule that "where it appears from the record that the court's ruling was based on conflicting evidence which it was compelled to weigh to reach a conclusion" the reviewing court will not disturb the ruling. *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742. Almost universally the opinions disclose either that the facts were admitted or were undisputed or that the circumstances under which the plea of guilty was entered were thoroughly canvassed in the first hearing and needed no further development by subsequent hearing. We have found no case where the form of the mandate was questioned in the appeal and none where the State, after the opinion was filed, sought to change the mandate on the ground that other compelling facts favorable to the trial court's action could be shown at a future hearing.

Of the cases cited *Dobosky* v. *State, supra,* is more nearly like the case at bar than any other that we have found. In *Mislik* v. *State* (1915), 184 Ind. 72, 110 N. E. 551, the court says of the *Dobosky* case, "no evidence was heard on the presentation of the petition." This apparently was the fact for it is stated in the *Dobosky* opinion: "On the day last named, the matter was heard on appellant's verified petition and all the relief prayed for denied him." The circumstances under which Dobosky and Mislik on the same day pleaded guilty to the same charge are more fully disclosed in the *Mislik* opinion where the appeal followed

a hearing at which evidence was introduced including the testimony of the chief of police and another policeman called by the State. The two cases were under consideration by this court at the same time and while Dobosky's appeal was first decided it may be assumed that this court was not unmindful of the desirability of a like result as to the two appellants. In the *Dobosky* case the prosecuting attorney was given five days notice of the hearing and in that time could make up his mind as to the course by him to be pursued whereas in the instant case the motion was presented to the court at the same hour when notice was served on the prosecuting attorney. In the former case the prosecutor may have concluded that he could not controvert the facts appearing in the motion and therefore accepted them as true confining the hearing to argument as to the legal effect of the facts averred. In any event the case is distinguished from the case at bar in that no question was there presented as to the form of this court's mandate.

In *Dobosky* v. *State, supra,* it is said that: "No harm could have resulted to society or to the State by permitting a withdrawal of the plea of guilty . . ." But it is clear that such action would have put the State to the expense and trouble of a trial, and it is also conceivable in this case that even in the eighteen days between the entry of appellant's plea and his request for its withdrawal, important and perhaps vital evidence of guilt may have become unavailable. If the facts averred in appellant's motion are true, he was entitled to withdraw his plea regardless of the resultant "harm" or disadvantage to the State. But we are unable to see any sound reason for giving him the correlative advantage merely because the trial judge erroneously refused to attempt to ascertain the truth

or falsity of the facts so alleged. A fair hearing to determine the facts will not harm appellant or put him at a disadvantage for if the issue is determined in his favor he will obtain the relief prayed. If it is determined against him he will have lost nothing to which he was entitled.

In ordering a hearing we do not intend to foreclose the right of the judge, without hearing, to set aside the judgment and grant appellant a trial upon his plea of not guilty. Both the judge and the prosecuting attorney have a duty as officers of the court to accord to the accused his constitutional rights. There may be ways, without a hearing, for them to ascertain that the material facts alleged in appellant's motion are true. If so, there should be no hesitancy in granting the requested relief without a hearing. If the facts are disputed, the evidence, including the testimony of the judge as to facts within his personal knowledge, should be taken and recorded as a basis for subsequent review if the final ruling of the trial judge be adverse to appellant.

For error confessed this cause is remanded to the trial court for answer, submission of evidence, hearing and decision of the issue tendered by appellant's motion and for further proceedings in conformity with this opinion.

SWAIM, J., dissents.

## DISSENTING OPINION.

SWAIM, J.—By the decision of the majority of the court this cause is remanded to the trial court for answer to appellant's verified motion to set aside the judgment and to withdraw his plea of guilty, and for

hearing and decision of the issue tendered by said motion. With this mandate I cannot agree.

The majority opinion states that the facts alleged in appellant's motion, if true, were sufficient to require the trial court to grant the motion. On this there can be no question.

The verified motion alleged that appellant was nineteen years of age, had spent practically all of his life on his father's farm; that he had only a limited education and had no knowledge or understanding of court procedure, nor of the rights of an accused before a court; that he was threatened with a more serious charge by the prosecuting attorney to induce him to plead guilty to the charge of assault and battery; that he was not guilty of the crime charged but entered a plea of guilty "in reliance on what he believed to be the command of the sheriff and prosecuting attorney"; that he was arrested at 2:00 o'clock a. m. and at 9:30 o'clock a. m. of the same day was taken before the court without counsel and required to plead; that he did not know, nor was it explained to him that he was entitled to counsel and to a trial; that he did not know what constituted the crime of assault and battery, what the penalty therefor was, nor the consequences of a plea of guilty thereto; that after appellant pleaded guilty, the sheriff told the trial court a false story of an attack by appellant on two girls and appellant was given no opportunity to deny the charges as recited by the sheriff; that from the time of his arrest appellant "was dazed, confused, could not reason coherently and was not aware of the import of the proceedings through which he was taken and by which he was so wrongfully convicted."

A special bill of exceptions, approved by the trial court and ordered made a part of the record, shows

that the prosecuting attorney appeared in court and objected to the granting of the appellant's motion but filed no counter-affidavits or answer of any kind thereto and that no evidence, either oral or written, was heard by the court on said matter; that said motion was submitted to the court without having been read by either the court or by the prosecuting attorney and without knowledge, on the part of either, as to the contents of said motion and verified statement of facts other than as recited orally by counsel for the appellant in open court.

If the trial court had refused to consider the motion filed by the appellant, a mandate ordering a hearing and consideration might be proper, but that was not the case here. The record recites that the motion was submitted to the court; that the court then heard argument of counsel thereon and, being sufficiently advised in the premises, overruled said motion.

We have repeatedly said that such a motion is addressed to the sound discretion of the trial court and that an appellant predicating an appeal on the alleged error of the trial court in overruling such a motion must present a record which clearly shows an abuse of discretion by the trial court. We have said that where such a motion fails to allege sufficient facts to show cause for granting the request it was not error to overrule the motion even though no affidavit was filed in opposition. *Blackburn* v. *State* (1924), 195 Ind. 603, 145 N. E. 486, 146 N. E. 398. We have repeatedly held that where a record discloses conflicting evidence on facts necessary to show an abuse of discretion we cannot weigh such evidence and we, therefore, will not disturb the ruling of the trial court. *Williams* v. *State* (1941), 219 Ind. 107, 37 N. E. (2d) 61, *Conover* v. *State* (1882), 86 Ind. 99.

We have also held that where there is no bill of exceptions showing all of the evidence heard by the trial court, we are not in a position to determine whether there was an abuse of discretion. *Kellums* v. *State* (1943), 221 Ind. 588, 50 N. E. (2d) 662; *Shustrom* v. *State* (1933), 205 Ind. 287, 185 N. E. (2d) 438.

In *Kellums* v. *State, supra,* there was an unverified motion signed only by the defendant's attorneys. The record of the judgment of conviction in that case showed that at the time the defendant pleaded guilty he was advised by the court of the penalties for the crime charged, of his right to have counsel, which he refused, and that the testimony of two arresting officers was taken after the plea of guilty was entered. There was no bill of exceptions disclosing what, if any, evidence was heard on the motion.

In *Shustrom* v. *State, supra,* the motion for permission to withdraw the plea was not predicated on a denial to the defendant of his constitutional rights, but amounted to an attack upon the conclusions reached by the trial court from the evidence submitted at a hearing to determine whether the sentence of the defendant should be death or life imprisonment. There the appellant contended that since there was no evidence on the motion and no pleading addressed to it, the conclusions of fact in the motion were conclusive. This court there held that since the trial court heard evidence from which it had drawn its conclusions as to the correct sentence, we could not, when that evidence had not been brought before us by a bill of exceptions, accept the opposite conclusions which the defendant drew from that evidence, even though defendant's conclusions were embodied in a verified motion.

In the instant case we do not have conflicting evidence. We do have a bill of exceptions stating posi-

tively that there was no evidence heard on the motion and no affidavit or pleading of any kind filed by the prosecutor. We have just the verified motion, the appearance and objection of the prosecuting attorney, the submission of the motion to the court, argument of counsel thereon and the ruling.

The Attorney General says that under these circumstances the cause should be remanded for the filing of answer to the motion and the hearing of evidence on the issue thus made, "in order that full justice prevail."

However, this court, I think properly, has never resorted to this procedure to insure justice to the accused. This court has never treated a verified motion to set aside the judgment and to withdraw a plea of guilty as a complaint to set aside the judgment. We have no statute providing for such a motion and no statutory procedure prescribed relative thereto. Yet the use of such a motion has long been recognized as correct procedure where the motion is filed during the term, or while the judgment is still *in fieri*.

Our court has held that where there is a judgment on a plea of guilty and the defendant wishes to attack the validity of the judgment during the term on the ground that the plea of guilty was not freely, voluntarily and understandingly made, the correct procedure is a motion to vacate the judgment and for permission to withdraw the plea. We have said it was not proper to include this as a ground for a new trial because where there has been a plea of guilty there has been no trial. *Myers* v. *The State* (1888), 115 Ind. 554, 18 N. E. 42; *Meyers* v. *The State* (1901), 156 Ind. 388, 59 N. E. 1052; *Polomskey* v. *State* (1943), 221 Ind. 6, 46 N. E. (2d) 201.

Our court has apparently considered such a motion, when filed during the term, to be in the nature of a motion for a new trial, in that it is the proper motion to use to call to the attention of the trial court the invalidity of a plea of guilty and the resultant invalidity of the judgment when there has been no trial. This court has also apparently acted on the theory that such a motion is not a separate action and that a ruling on such a motion does not constitute a final judgment from which an appeal can be prosecuted, although the mandates in most such cases have followed the language used in mandates in appeals from *coram nobis* cases which, so far as our appeal statutes are concerned, are considered as separate actions culminating in a final judgment from which an appeal will lie. In appeals in such separate actions this court has recognized the propriety of reversing the judgment rendered in the separate action and ordering a new trial on the question of whether the facts require the vacation of the judgment in the principal action. This procedure was followed in *Harris* v. *State, May* v. *State* (1932), 203 Ind. 505, 181 N. E. 33, a petition for a writ of error *corram nobis*. We have said many things about a petition for a writ of error *coram nobis* in attempting to describe and classify it, but I think all can agree that it is such an independent action that a judgment therein amounts to a final judgment within our appeal statutes. It bears approximately the same relation to a motion to vacate a judgment of conviction and withdraw a plea of guilty as a statutory action to review a judgment or a complaint for a new trial after the term bears to a motion for a new trial filed while the judgment is still *in fieri*. Under our Indiana procedure we have not considered that the action of the court in ruling on a motion for a new trial was a final

judgment from which an appeal would lie, but rather as a mere incident to the appeal from the judgment in the principal action. In *Selke* v. *State* (1937), 211 Ind. 232, 6 N. E. (2d) 570, this court said:

"The action of a trial court in overruling a motion for a new trial may be reviewed upon an appeal from a judgment of conviction rendered against a defendant, but the overruling of a motion for a new trial must be assigned as error. In such case the appeal is from the judgment of conviction and not from the ruling upon the motion for a new trial. The overruling of a motion for a new trial does not constitute a judgment and an appeal does not lie from the court's action in overruling such motion."

There is even more reason for not considering the ruling on a motion to withdraw a plea of guilty as a final judgment from which an appeal lies. In the case of the defendant pleading guilty he has had no trial. By his motion to vacate the judgment of conviction and withdraw his plea he usually charges that he has been denied one or more of his constitutional rights. It is the duty of the trial court and of this court to see to it that those constitutional rights are not improperly denied to a defendant charged with crime.

In *Batchelor* v. *State* (1920), 189 Ind. 69, 78, 85, 73, 125 N. E. 773, an appeal in a case where error was assigned on the action of the trial court in overruling a motion to set aside the judgment and to withdraw the plea, this court recognized that the appeal was from the judgment of conviction and not from the order overruling the motion. This court in an opinion by Lairy, J., there said:

"Where it appears on appeal from a judgment of conviction in a criminal case that the defendant

has been denied a right guaranteed by the Constitution, such showing requires a reversal, unless the record clearly shows that the right was waived or that no injury could have resulted to the accused by reason of such denial."

The mandate there used was "The judgment is reversed, with instruction to the trial court to sustain appellant's motion for leave to withdraw his plea of guilty."

If the motion to withdraw the plea were filed before the judgment was entered, would there be any serious contention that we should permit the judgment to stand and certify the matter back to the trial court for another hearing on the motion and for another determination by the trial court as to whether the judgment should be set aside?

Whether the motion is filed before or after the entry of the judgment, so long as it is filed within the term, it is an attack on the validity of the judgment, the burden of allegation and proof is the same and the duty of the trial court is the same. It is difficult to see any valid reason why on an appeal our mandate should be different in the two cases.

During the entire period this court has recognized such a motion filed during the term as correct procedure, we have never remanded a case back to the trial court for a new trial or a rehearing on the motion to withdraw the plea, whether the motion was filed before or after the entry of the judgment.

In all such cases where the ruling of the trial court was not sustained this court has said that the record showed that the trial court had abused its discretion and remanded the case with an order that the defendant be permitted to withdraw the plea of guilty.

In some of those cases there was no attempt on the part of the State to controvert, by counter-affidavits or

evidence, the allegations of fact contained in the motion. In these cases this court has apparently assumed that since the facts alleged by the defendant were not controverted in any manner, they were true. We have not said that the allegations of fact had been proved. We have said the facts were undisputed. *Dobosky* v. *State* (1915), 183 Ind. 488, 492, 109 N. E. 742, 743; *Nahas* v. *State* (1927), 199 Ind. 117, 120, 155 N. E. 259.

In *Dobosky* v. *State, supra,* Cox, J., speaking for this court, said:

> "It is true that, if a record came to us without any ground to support an application to withdraw a plea of guilty, the presumption that the trial court discharged its full duty would control and the action of the court in denying the application would be sustained. But in the case before us the validity of the plea of guilty is directly and unequivocally challenged. So far as the record shows, the court's action in denying the defendant's application has nothing to support it, but the naked plea of guilty and the truth of that is positively impeached by the verified application of defendant the facts of which are controverted neither by counter affidavits nor oral evidence. It appears from the facts averred in defendant's verified application that his plea of guilty was not made understandingly or freely, that it was induced by what under the circumstances amounted in its effect to duress and fraud, and that it was not true. No harm could have resulted to society or to the state by permitting a withdrawal by appellant of the plea of guilty and to allow him to plead not guilty and make the defense which he asserted under oath he had."

The Dobosky decision was filed October 6, 1915. Two months later this court decided *Mislik* v. *State* (1915), 184 Ind. 72, 76, 110 N. E. 551, an appeal by Mislik who had pleaded guilty and been sentenced with Dobosky. In the Mislik case evidence was heard by

the trial court on the hearing on the motion to withdraw the plea. This court by Morris, C. J., there said, "A situation somewhat resembling this was presented in *Dobosky* v. *State, supra*. In that case, however, no evidence was heard on the presentation of the petition." In the majority opinion herein it is suggested that we may assume "that this court was not unmindful of the desirability of a like result as to the two appellants" Dobosky and Mislik, and an intimation that in such assumption we may find a reason for the Dobosky decision. I find it very difficult to assume that this court on October 6, 1915, when the Dobosky decision was filed, knew and was governed by what its decision would be in the Mislik case which was written by another judge and not filed until more than two months later. We do not need to guess at the reasons for the Dobosky decision. They were clearly stated by Cox, J., in the opinion, so clearly and so convincingly that the Dobosky case has been cited as an authority in practically every opinion since written on this question.

In *Batchelor* v. *State, supra,* this court announced that there the court would consider "only the facts disclosed by the affidavit filed by the State and the uncontroverted facts shown by the motion of appellant and the affidavits in its support." There again the facts not controverted were accepted by this court as true and the case was not sent back to the trial court for a rehearing on the motion.

In the instant case why shouldn't we accept as true the uncontroverted allegations of fact of the motion for the purpose of determining the question of the alleged abuse of discretion by the trial court?

When we speak of the discretion of the trial court we are speaking of a sound discretion guided by law. Arbitrary or capricious action in such case amounts

to an abuse of discretion. *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N. E. 444. The motion in the instant case, verified by appellant, attacked the validity of the plea of guilty on the ground that the appellant had been denied his constitutional rights on account of the misconduct and coercion of the sheriff and prosecuting attorney and on account of the failure of the trial judge to do his duty.

In *Cassidy* v. *State* (1929), 201 Ind. 311, 321, 168 N. E. 18, this court said:

"A plea of guilty should be entirely voluntary and made by one competent to know the consequences thereof and the trial court should satisfy itself of these facts before receiving it. . . ."

In *Dobosky* v. *State, supra,* and again in *Rhodes* v. *State* (1927), 199 Ind. 183, 156 N. E. 389, this court expressed disapproval of trial courts receiving pleas of guilty from defendants not represented by counsel, until after reasonable inquiry into the facts to discover whether the plea of guilty is entered freely and understandingly.

The record in the instant case discloses no such inquiry on the part of the trial court, no explanation to the appellant of his right to counsel or of his right to a trial. The record does disclose that the affidavit was filed, the warrant thereon was issued, the appellant was arrested, brought into court in custody for arraignment without counsel, was required to plead and did plead guilty, all on the same day.

The verified motion by the appellant challenges this plea. It accuses both the prosecutor and the judge. A hearing on the motion in a manner puts the action of the prosecutor and of the judge on trial. On such a hearing it was the duty of the trial court to grant

appellant's motion and permit the plea of guilty to be withdrawn if it was in the least evident that the ends of justice would be subserved by permitting not guilty to be pleaded in its place. If the plea was the result of fear, mistake, fraud, or official misrepresentation; or if it was made involuntarily for any reason; or if it was received by the court without observance of the precautions and solemnities required by law, the trial court should have permitted it to be withdrawn. 14 Am. Jur. p. 961, § 287.

The State has suggested that something may have occurred during the oral argument which would have justified the court in denying the motion, but admits there is nothing in the record to substantiate this.

It might also be contended as to some of the allegations of the motion that the court personally knew they were not true.

In *Farnsley* v. *State* (1925), 196 Ind. 722, 728, 149 N. E. 436, this court said:

"In appellant's brief, he states that the prosecution evidently relied on some undisclosed knowledge which the presiding judge claimed to have about the facts, and says this court cannot ascertain from the record what the presiding judge of the lower court knew. The appellant rightfully says that this court cannot and will not take judicial notice of the personal knowledge of the judge of the Harrison Circuit Court. If he had knowledge contrary to that proved by the appellant in this case, it should have found its way into the record in the ordinary course. The appellant is correct in this contention. If the judge of the court wished to testify in the case, his testimony should have gone into the bill of exceptions and have been incorporated in the record in that way."

In the instant case, as in the Dobosky case, *supra*, "So far as the record shows, the court's action . . .

has nothing to support it but the naked plea of guilty and the truth of that is positively impeached by the verified application of defendant the facts of which are controverted neither by counter-affidavit nor oral evidence."

When we consider the charges of this verified motion, the fact that it amounts to an attack on the official acts of the prosecutor and the judge and when we consider the further fact that neither the prosecutor nor the judge made any attempt to controvert the truth of those charges in any manner, are we not justified in saying, as this court said in the Dobosky case, "these are the undisputed facts"? Or must we say that since the appellant produced no evidence the facts alleged in the verified motion were not proved, and we cannot consider them as the facts even though they were undisputed?

In *Nahas* v. *State, supra,* a motion to set aside the judgment and withdraw the plea of guilty was overruled. The motion to withdraw the plea was "uncontradicted in every respect" and no evidence was heard thereon. In that case the appellant in his brief contended that, "Appellee filed no counter-affidavits, and introduced no evidence denying that these allegations were true, so such facts, not controverted are to be taken as true." The State in its brief, on the other hand, contended that the appellant had shown no abuse of discretion except by "what appellant says in his belated motions"; and that the court was not bound to believe the statements made by the appellant in such motions. Myers, J., in writing the opinion of this court, after speculating on what the mental processes of the trial court had been in denying the motion; as to whether said court acted upon the theory that the motion was insufficient for want of facts or that such

facts only appealed to the discretion of the trial court, or was not authorized by any rule of procedure or practice known to this jurisdiction, said that the procedure was recognized; that the motion "was an appeal to the sound legal discretion of the trial court." The opinion proceeded with a discussion and consideration of "the undisputed facts" shown by the verified motion and then concluded:

"This case, as it comes to us, we have carefully considered from all angles and from every viewpoint suggested by the state, and with all the reasonable presumptions we are authorized to infer in support of the conclusion reached by the trial court, but, after all, there remains in our mind the undeniable conclusion that the trial court, under all the facts and circumstances here exhibited, abused its discretion in refusing to set aside the judgment and sentence, and permit the plea of guilty to be withdrawn and allow a plea of not guilty to be entered."

One of the "angles" or "view-points" suggested by the State and considered and decided against the State by this court was that the appellant had not proved the allegation of his motion; and that, therefore, this court was not bound to believe such allegations. But there, as here, the allegations were undisputed and there this court treated such alleged facts as the undisputed facts.

It has been suggested that in this case we could not consider the silence of the judge and the prosecuting attorney as an admission of the truth of the allegations of the motion because they did not read the motion and, therefore, did not know the contents. The bill of exceptions states that they were without knowledge as to the contents of said motion and of the verified allegations of facts "other than as recited orally by

counsel for the defendant in open court." However, there is no contention that the contents of the motion were not fully and accurately recited by said attorney and there is the positive record made by the judge that at the time he ruled on the motion he was fully advised in the premises.

If we could conceive of the trial court in this case being of the opinion that the allegations of this motion, if true, were not sufficient to require the granting of the motion, or if we could conceive of the trial court being of the opinion that it did not have power to grant the motion, we would not have the discretion of the trial court guided by law; we would not have the exercise of a "sound legal" discretion. The refusal of the trial court to be guided by the law in such a case amounts to an abuse of discretion. We should not permit any such misguided belief of a trial court to result in the denial of constitutional rights to a defendant in a criminal case.

It has been said in some of the decisions of this court that the granting of such a motion can do no harm to society or the State; that if the defendant is guilty of the crime charged the State will have the opportunity to establish his guilt. *Myers* v. *The State, supra; Dobosky* v. *State, supra*. It might be argued that we can not know that a reversal of the judgment of conviction and permitting the withdrawal of a plea of guilty would not prevent the State from establishing the guilt of the defendant; that witnesses might then be inaccessible. It is to be remembered that such a motion can only be filed while the judgment of conviction is still *in fieri*. While it is not probable that necessary witnesses would become inaccessible during that short time, it is possible. Even so, it would be better to fail to convict a guilty criminal in that re-

motely possible case than to adopt a procedure on such motions which would be less likely to insure to every person charged with crime the safe-guards which the constitution guarantees.

Under the undisputed facts and circumstances of this case I believe our mandate should be that the judgment be reversed with instructions that appellant be permitted to withdraw his plea of guilty.

NOTE.—Reported in 52 N. E. (2d) 491.